# RAL MANAGEMENT, INC. *v.* VALLEY VIEW ASSOCIATES ET AL.
## (AC 24558)

Dranginis, Flynn and Stoughton, Js.

Argued December 8, 2004—officially released April 12, 2005

*Sabato P. Fiano*, for the appellants (named defendant et al.).

*Leonard A. Fasano*, for the appellee (plaintiff).

*Opinion*

FLYNN, J. This case raises a very important question, namely, whether the opening and reentry of a judgment of strict foreclosure, while the original judgment is on appeal and an appellate stay is in place, renders the appeal from the original judgment moot. Because we are constrained by our Supreme Court's construction of Practice Book § 61-11 (formerly § 366), as explained in *Milford Trust Co.* v. *Greenberg*, 137 Conn. 277, 278–79, 77 A.2d 80 (1950), we answer that question in the affirmative,[1] mindful that it is not within the province of an intermediate appellate court to overrule the Supreme Court. *Hanes* v. *Board of Education*, 65 Conn. App. 224, 230 n.6, 783 A.2d 1 (2001); see *State* v. *Otero*, 49 Conn. App. 459, 468 n.9, 715 A.2d 782, cert. denied, 247 Conn. 910, 719 A.2d 905 (1998).

The defendants,[2] Valley View Associates and Kings Highway Associates, appeal from the August 4, 2003

---

[1] Although we are constrained to follow the direction of our Supreme Court in *Milford Trust Co.*, we have no way of assessing whether there was some special nuance in that case that led the Supreme Court to its determination. Because the case was dismissed on a motion, there are no appellate briefs or a record in the bound volumes of the Supreme Court records and briefs that would assist us with such an assessment. For that reason, we must accept the case on its face.

[2] Also named as defendants in the original complaint were Kersten Rigi and the law firm of DiSerio, Martin, O'Connor and Castiglioni, LLP (law firm). The complaint as to Rigi was withdrawn on February 27, 2003, and

judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, RAL Management, Inc. On appeal, the defendants claim that the trial court improperly (1) rendered a judgment of strict foreclosure notwithstanding the fact that their filing of an answer had, pursuant to Practice Book §§ 17-32 and 17-33, automatically opened the default previously entered against them, and (2) enforced an illegal note by reforming the usurious rate of interest contained therein without an evidentiary basis.

On November 29, 2004, the Appellate Court sent notice to the parties that they should "be prepared to address at oral argument any questions the court may have as to why the appeal should not be dismissed as moot in light of the fact that the judgment that was appealed has been opened and, thus, is no longer in effect. See *Milford Trust Co.* v. *Greenberg*, [supra, 137 Conn. 277]; *Upjohn Co.* v. *Zoning Board of Appeals*, 224 Conn. 106 [616 A.2d 798] (1992)." Although both parties assert that this court has jurisdiction and that the appeal is not moot, "a subject matter jurisdictional defect may not be waived . . . [or] conferred by the parties, explicitly or implicitly. . . . [T]he question of subject matter jurisdiction is a question of law . . . and, once raised, either by a party or by the court itself, the question must be answered before the court may decide the case." (Citations omitted; internal quotation marks omitted.) *Rayhall* v. *Akim Co.*, 263 Conn. 328, 337, 819 A.2d 803 (2003). On the basis of Practice Book § 61-11, as interpreted by *Milford Trust Co.* v. *Greenberg*, supra, 278–79, we dismiss this appeal as moot.

The following facts and procedural history are relevant to our decision. On July 20, 1998, the defendants

the law firm is not a party to this appeal. Accordingly, we refer to Valley View Associates and Kings Highway Associates as the defendants.

entered into a $250,000 loan transaction with the plaintiff's assignor, Timothy McDonald. Pursuant to that transaction, McDonald loaned the principal sum of $87,000 to the defendants and the principal sum of $163,000 to a related party, Kersten Rigi (Rigi note). Each loan was memorialized by a promissory note payable to McDonald. The $87,000 note provided that, if any of the payments provided for under the terms of the note were in default, interest would run at the rate of 30 percent per month, for a total of 360 percent per annum. The Rigi note, however, did not provide for a default rate of interest. On July 23, 1998, the defendants additionally guaranteed and warranted the prompt payment of all obligations under the Rigi note. To secure the note and guaranty, the defendants mortgaged to McDonald real property, located at 320-322 Kings Highway in North Haven.

On July 28, 2000, McDonald assigned his interest in the notes and mortgage to the plaintiff. On April 3, 2001, claiming that the principal and interest due on July 20, 1999, under both notes had not been paid, the plaintiff exercised its right under the mortgage notes to declare the entire balance due and payable and sought to foreclose on the mortgage. On July 9, 2001, the defendants were defaulted for failure to plead. Approximately nineteen months after the defendants were defaulted, the plaintiff, on February 27, 2003, filed a motion for a judgment of strict foreclosure. The defendants then filed an answer and three special defenses: (1) the interest rate of the $87,000 note was unconscionable and usurious; (2) the note was invalid and unenforceable because of mutual mistake; and (3) the plaintiff was not entitled to a judgment of strict foreclosure because of unclean hands, breach of the duty of good faith and fair dealing and unfair trade practices. The plaintiff's motion for a judgment of strict foreclosure was heard

and granted on May 5, 2003.[3] The court determined the amount of the debt to be $191,167.50 on the basis of the affidavit of debt filed by the plaintiff.[4]

On May 23, 2003, the defendants filed a motion to reargue the judgment of strict foreclosure, which was heard on July 3, 2003. The defendants argued that the note was unconscionable and usurious because it contained a default interest rate of 30 percent per month. Counsel for the plaintiff explained that, despite the earlier demands for payment with a 30 percent per month default rate of interest, the 30 percent per month was a scrivener's error that should have read 30 percent per year.[5] Before the court rendered its decision on the defendants' motion to reargue, the defendants filed a motion to open the judgment of strict foreclosure, alleging that there was no evidentiary basis for the court's judgment as to the amount of the debt. On August 4, 2003, after a hearing, the court granted the defendants' motion to open and ordered reentry of a judgment of strict foreclosure, setting a law day of September 22, 2003, and again setting the debt at $191,167.50. This appeal followed.

It is the events that occurred after the timely filing of this appeal from the August 4, 2003 judgment that

---

[3] The defendants assert that they did not have notice that the plaintiff would be going forward with this motion on May 5, 2003. They acknowledge receipt of the court calendar showing the motion on the short calendar for April 28, 2003. They also acknowledge that the plaintiff's counsel faxed their counsel a message that he would not be going forward with this motion on April 28, 2003, but, rather, would be seeking to mark it over to May 5, 2003. They claim, however, that their counsel did not receive this facsimile due to "some administrative or clerical error." The plaintiff's counsel did appear at the April 28 short calendar and did request that the motion be marked over one week. The defendants' counsel did not appear at either the April 28 or May 5 short calendars.

[4] The plaintiff's affidavit of debt apparently only related to the $87,000 note.

[5] The court took no evidence and, therefore, there was no factual basis to reform the note, as it did, from 30 percent per month to 30 percent per annum.

raised the issue of mootness. Prior to oral argument before this court, the parties were ordered to be prepared to discuss the issue of mootness in light of the following additional procedural history of this case. Although both parties argue that the appeal is not moot, we are constrained because of *Milford Trust Co.* v. *Greenberg,* supra, 137 Conn. 278–79, to conclude otherwise.

On August 20, 2003, the defendants appealed from the August 4, 2003 judgment of strict foreclosure, which initiated an automatic stay of the foreclosure. See Practice Book § 61-11 (a).[6] On September 30, 2003, the plaintiff filed a motion to terminate the automatic stay pursuant to Practice Book § 61-11 (c) and (d).[7] On October 30, 2003, the trial court granted the motion to terminate the automatic stay, with notice to the parties dated November 7, 2003.

On November 10, 2003, the defendants filed with this court a motion for review of the trial court's order terminating the automatic stay. See Practice Book §§ 61-14 and 66-6.[8] This court denied the defendants'

[6] Practice Book § 61-11 (a) provides in relevant part: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to take an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ."

[7] Practice Book § 61-11 (c) provides: "Termination of a stay may be sought in accordance with subsection (d) of this rule. If the judge who tried the case is of the opinion that (1) an extension to appeal is sought, or the appeal is taken, only for delay or (2) the due administration of justice so requires, the judge may at any time after a hearing, upon motion or sua sponte, order that the stay be terminated."

Practice Book § 61-11 (d) provides in relevant part: "A motion to terminate a stay of execution may be filed before judgment; if it is, it may be ruled upon when judgment is entered. If such a motion is filed . . . after an appeal is filed, an original and three copies shall be filed with the appellate clerk, who shall forward the motion to the judge who tried the case. That judge shall file any ruling thereon with the appellate clerk and with the clerk of the trial court where the matter was tried. . . ."

[8] Practice Book § 61-14 provides in relevant part: "The sole remedy of any party desiring the court to review an order concerning a stay of execution

motion on December 9, 2003. The defendants then filed a motion for reconsideration of that denial on December 19, 2003. See Practice Book §§ 71-5 and 71-6.[9]

However, the plaintiff, on December, 1, 2003, had filed a new motion for a judgment of strict foreclosure with the trial court, and, on December 22, 2003, the trial court granted that motion, set a new law day of February 23, 2004, and rendered a new judgment of strict foreclosure. The court also reset the debt to $423,735.98, now including the $163,000 guaranty of the Rigi note.

On January 14, 2004, this court granted the defendants' December 19, 2003 motion for reconsideration of our denial of the their motion for review of the trial court's termination of the automatic stay. After sua sponte ordering the trial court to articulate the basis of its decision to terminate the automatic stay, this court, on July 8, 2004, almost seven months after the trial court had opened the judgment and set new law

shall be by motion for review under Section 66-6. Execution of an order of the court terminating a stay of execution shall be stayed for ten days from the issuance of notice of the order, and if a motion for review is filed within that period, the order shall be stayed pending decision of the motion, unless the court having appellate jurisdiction rules otherwise. . . ."

Practice Book § 66-6 provides in relevant part: "The court may, on written motion for review stating the grounds for the relief sought, modify or vacate any order made by the trial court . . . concerning a stay of execution in a case on appeal. . . . Motions for review shall be filed within ten days from the issuance of notice of the order sought to be reviewed. . . . "

[9] Practice Book § 71-5 provides in relevant part: "A motion for reconsideration will not be entertained unless filed with the appellate clerk, accompanied by a receipt showing that the fee was paid or waived, within ten days from the date when the decision or any order being challenged is officially released. . . ."

Practice Book § 71-6 provides in relevant part: "Unless the chief justice or chief judge shall otherwise direct, any stay of proceedings which was in effect during the pendency of the appeal shall continue until the time for filing a motion for reconsideration has expired, and, if a motion is filed, until twenty days after its disposition, and, if it is granted, until the appeal is finally determined. . . ."

days, granted the defendants' motion for review and vacated the order of the trial court terminating the automatic stay. The appellate stay, thus, remained in effect.

The question of mootness arises because the trial court opened the August 4, 2003 judgment of strict foreclosure, from which this appeal derived, and, on December 22, 2003, rendered a new judgment of strict foreclosure, with a revised debt and a new law day. On the basis of our Supreme Court's holding in *Milford Trust Co.* v. *Greenberg*, supra, 137 Conn. 278–79, we are constrained to conclude that the new judgment rendered on December 22, 2003, extinguished any prior judgment, thereby rendering this appeal moot.

"Although the filing of an appeal stays further proceedings to enforce or carry out the judgment, this does not preclude the filing and granting of a motion to [open a] judgment while the appeal is pending. *Milford Trust [Co.]* indicates that if the court were to grant such a motion, the operative effect would be to render void any appeal that might have been taken from the original judgment.

"If a motion to [open a] judgment is filed during the appeal period, the time for filing the appeal then commences from the issuance of notice of the decision on the motion, as provided in Practice Book § 63-1 . . . . This rule can have profound effects on a foreclosure decree, since Practice Book § 61-11 stays 'proceedings to enforce or carry out the judgment . . . until the time to take an appeal has expired.' Thus, law days in a strict foreclosure cannot run, or a sale cannot take place, if a motion to [open] was filed during the appeal period but has yet to be ruled upon; any redemption or auction under such circumstances would be violative of the automatic stay, and any title derived through such stayed proceedings would be subject to defeasance." D.

Caron & G. Milne, Connecticut Foreclosures (4th Ed. 2004) § 17.06, p. 395.

In *Milford Trust Co.* v. *Greenberg, supra,* 137 Conn. 278, the initial judgment of foreclosure, rendered on May 5, 1950, automatically was stayed under the provisions of Practice Book § 366, now § 61-11, upon the defendant's appeal from that judgment. On June 8, 1950, the plaintiff filed a motion for execution, which was granted by the trial court, and the court extended the law days until June 13, 1950. *Milford Trust Co.* v. *Greenberg, supra,* 277–78. Pursuant to a motion by a subsequent encumbrancer, the trial court, on June 13, 1950, opened the May 5, 1950 judgment for the sole purpose of extending the dates of redemption to July 10, 1950; in all other respects, the judgment of May 5, 1950, was reentered. Id., 278. On appeal, the plaintiff claimed that the defendant's appeal of the May 5, 1950 judgment was rendered moot by the court's opening of that judgment. Id.

Our Supreme Court agreed with the plaintiff and explained: "Upon the filing of [the defendant's] appeal . . . Practice Book § 366 [now § 61-11] became operative to stay further proceedings under the [initial] judgment of May 5, precluding the passage of title upon any of the law days provided for in that judgment. . . . This did not, however, militate against the [trial] court's right to open the [initial] judgment . . . for this [right] is not affected by beginning or not beginning an appeal. . . . The court's order of June 8 involved a modification of the judgment of May 5 and necessarily implied an opening of the preceding judgment which it modified and a complete substitution for its operative portions. [It] was in essence and substance a new judgment. . . . Since the court's order of June 8 was operative to open the judgment of May 5, the case then stood as though that judgment as originally entered had never been rendered." (Citations omitted; internal quotation marks omitted.) *Milford Trust Co.* v. *Greenberg, supra,* 137 Conn. 278–79.

In this case, although the August 4, 2003 judgment was stayed by the filing of the appeal and by our vacating of the trial court's termination of the stay, the court was not precluded from opening the judgment, modifying its provisions and rendering a new judgment of strict foreclosure. See id. Practice Book § 61-11 serves to stay "proceedings to enforce or carry out the judgment . . . until the time to take an appeal has expired," thereby forbidding the running of the law days in a strict foreclosure or a sale in a foreclosure by sale. See D. Caron & G. Milne, supra, § 17.06, p. 395. However, under *Milford Trust Co.*, Practice Book § 61-11 apparently does not prevent the court from opening a judgment of strict foreclosure, setting new law days and rendering a new judgment of strict foreclosure from which title could then be derived unless a new appeal was filed. See id.; *Milford Trust Co.* v. *Greenberg*, supra, 137 Conn. 278–79.

We have struggled with this decision because we find the result particularly harsh especially in light of the fact that we agree with the claim of the plaintiff that there was no evidence before the trial court to allow a reformation of the interest rate to 30 percent per annum. Additionally, we think that *Milford Trust Co.* creates a judicially inefficient result. As we explained in *Pavliscak* v. *Bridgeport Hospital*, 48 Conn. App. 580, 711 A.2d 747, cert. denied, 245 Conn. 911, 718 A.2d 17 (1998), a case criticized by commentators; see, e.g., W. Horton & K. Bartschi, Connecticut Practice Series: Connecticut Rules of Appellate Procedure (2005 Ed.) § 61-11, comment 3, p. 109;[10] "[i]t is fundamental to the

[10] Comment three provides in relevant part: "In *Pavliscak* v. *Bridgeport Hospital*, [supra, 48 Conn. App. 586–89], the Appellate Court held that this rule prevents a trial judge from granting a motion which dramatically changes the judgment while the appeal is pending. *Pavliscak* is clearly wrong. Under *Ahneman* v. *Ahneman*, 243 Conn. 471, 706 A.2d 960 (1998), the trial court has the power to open a judgment and enter a wholly new one even though an appeal is pending. Where the Appellate Court went wrong was in equating execution on the judgment (which this rule governs) with significant alter-

judicial process that a party's right to judicial review shall not be obliterated or undermined by the unauthorized exercise of jurisdiction by the court whose doings are, or may be, subject to review. . . . A party accorded the right of appellate review is entitled to the full and unhampered exercise of that right in accordance with the applicable rules of practice or statutes." (Internal quotation marks omitted.) *Pavliscak* v. *Bridgeport Hospital*, supra, 587.

In *Pavliscak*, while an appeal was pending and a stay was in effect, the trial court set aside the verdict and rendered judgment notwithstanding the verdict. Id., 585–86. The defendant argued that the court's action was not improper because it was not a proceeding to enforce or carry out the judgment but, rather, was an effectuation of the court's original order. Id., 588. We held that the court's action violated the automatic stay because it "served to change completely the complexion of the case while the underlying basis of that action

ation of the judgment (which this rule does not govern). The Supreme Court may have denied certification because the trial judge was prevented for other valid reasons from granting the motion." W. Horton & K. Bartschi, supra, § 61-11, comment 3, p. 109.

We do not agree with the commentators' reading of *Ahneman* as holding that the trial court has the blanket power to "open a judgment and enter a wholly new one even though an appeal is pending." Id. Rather, we read *Ahneman* as holding that the trial court is allowed to act on subsequent motions dealing with financial issues during the pendency of an appeal in a family matter. In such a case, the underlying appeal is not rendered moot by the court's action on the subsequent motion. We also recognize that Practice Book § 61-11 (b) specifically excludes from the provisions of the automatic stay certain financial orders: "In addition, no automatic stay shall apply to . . . orders of periodic alimony, support, custody or visitation in domestic relations matters brought pursuant to chapter 25 or to any later modification of such orders. . . ." Practice Book § 61-11 (b). Although this provision of our rules of practice was amended to include this language in 2001, it was amended "*to make clear* that there is no automatic stay of rulings that modify certain orders in domestic relations matters brought pursuant to Chapter 25." (Emphasis added.) W. Horton & K. Bartschi, supra, § 61-11, official commentary to 2001 amendments, p. 104.

was being challenged on appeal." Id., 588–89. Accordingly, we held that the order was void and that the case stood in the same procedural posture that existed at the time the appeal was filed. Id., 589.

We are unable to reconcile the holding in *Pavliscak* with the holding in *Milford Trust Co.*, and, although we agree with *Pavliscak*, we are constrained to follow the law as set forth by our Supreme Court in *Milford Trust Co.* Nevertheless, we feel the need to explain what we see as an inefficient and perhaps unworkable result. Consider, for example, an appeal from a judgment of strict foreclosure that is upheld by the Appellate Court and in which certification to appeal is granted by the Supreme Court. What if shortly after oral argument before the Supreme Court, the trial court was to open the judgment simply to reset the law days as sometimes is done?[11] Under *Milford Trust Co.*, the appeal that has gone through the Appellate Court and has been argued before the Supreme Court now would be rendered moot and a new appeal would have to be taken from this new judgment. This potentially results in a series of aborted piecemeal appeals.

Nevertheless, in this case, the August 4, 2003 judgment was opened on December 22, 2003, a revised debt was found, new law days were set and a new judgment of strict foreclosure was rendered. In accordance with

---

[11] We recognize that the trial court, at times, opens a judgment solely to reset the law days while a case is on appeal. Under *Milford Trust Co.*, this action renders the underlying appeal moot. The oddity this presents, however, is that normally the appellate courts are not aware of the action of the trial court subsequent to the taking of the appeal, and, unless the parties were to raise the issue of mootness on appeal, the fact that the appeal had been rendered moot by the setting of new law days would never be considered on appeal, and the appellate courts, in effect, would be rendering a decision, without subject matter jurisdiction, on a judgment that no longer existed. In the case before us today, we are aware of the subsequent proceedings only because of the unusual procedural history of the case.

*Milford Trust Co.* v. *Greenberg,* supra, 137 Conn. 278–79, it is as though the August 4, 2003 judgment never was rendered, and any appeal therefrom is moot.

The appeal is dismissed.

In this opinion the other judges concurred.