# RAL MANAGEMENT, INC. *v.* VALLEY VIEW ASSOCIATES ET AL.
## (SC 17438)

Sullivan, C. J., and Borden, Norcott, Katz and Palmer, Js.*

---

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

Argued February 14—officially released June 27, 2006

*Jonathan D. Elliot,* with whom was *Sabato P. Fiano,* for the appellants (named defendant et al.).

*Leonard A. Fasano,* for the appellee (plaintiff).

*Opinion*

KATZ, J. The sole issue in this certified appeal is whether the Appellate Court properly dismissed as moot the appeal of the defendants, Valley View Associates and Kings Highway Associates,[1] from the trial court's judgment of strict foreclosure in favor of the plaintiff, RAL Management, Inc. More specifically, the issue is whether the opening and reentry of a judgment of strict foreclosure to set new law days and to revise the amount of the debt, while an appeal from that judgment is pending and a stay of the judgment is in effect, rendered the appeal moot. The defendants contend that the Appellate Court improperly concluded that, under *Milford Trust Co.* v. *Greenberg*, 137 Conn. 277, 77 A.2d 80 (1950), the trial court's actions had rendered void the original judgment from which the plaintiff appealed and thus mooted the appeal. *RAL Management, Inc.* v. *Valley View Associates*, 88 Conn. App. 430, 432, 872 A.2d 462 (2005). We conclude that the defendant's appeal is not moot and, accordingly, we reverse the Appellate Court's judgment.

The record reflects the following facts and procedural history. On July 23, 1998, the defendants entered into a $250,000 loan transaction with the plaintiff's assignor, Timothy McDonald. Pursuant to that transaction, the defendants executed a promissory note payable to McDonald in the principal sum of $87,000, with payment due on or before July 20, 1999. The $87,000 note provided for an annual interest rate of 6 percent, but upon default, the interest rate would increase to 30 percent *per month*. Also pursuant to the loan transaction, the

---

[1] The original complaint also named as defendants Kersten Rigi and the law firm of DiSerio, Martin, O'Connor and Castiglioni, LLP (law firm), which allegedly had represented both parties to the loan transaction. The plaintiff thereafter withdrew the complaint as to Rigi, and the law firm is not a party to this appeal. Accordingly, we refer to Valley View Associates and Kings Highway Associates as the defendants.

defendants guaranteed a $163,000 promissory note payable to McDonald that had been executed by a related party, Kersten Rigi (Rigi note). See footnote 1 of this opinion. The Rigi note did not provide for a default rate of interest. To secure both the note and guarantee, the defendants mortgaged to McDonald real property located at 320–322 Kings Highway in North Haven.

On July 28, 2000, McDonald assigned his interest in the notes and mortgage to the plaintiff. On April 3, 2001, claiming that the principal and interest due on July 20, 1999, under both notes had not been paid, the plaintiff exercised its right under the mortgage and notes to declare the entire balance due, and sought to foreclose on the mortgage and to obtain a deficiency judgment against the defendants. On July 9, 2001, the defendants were defaulted for failure to plead. On February 27, 2003, the plaintiff filed a motion for a judgment of strict foreclosure.[2] On March 19, 2003, the defendants filed an answer and three special defenses, essentially premised on the 30 percent per month default rate in the $87,000 note, contending that: (1) the terms of the note, guarantee and mortgage were unconscionable and usurious; (2) the note, guarantee and mortgage were invalid and unenforceable because of mutual mistake; and (3) the plaintiff was not entitled to a judgment of strict foreclosure because of unclean hands, breach of the duty of good faith and fair dealing and unfair trade practices.

On May 5, 2003, the trial court heard and granted the plaintiff's motion for judgment of strict foreclosure. The court determined the amount of the debt to be $191,167.50 on the basis of the affidavit of debt filed

[2] While the litigation was pending, the defendants had requested from the plaintiff the payoff amount. They received a letter that, in part, advised them that the payoff amount for the $87,000 note was in excess of $1 million, of which more than $900,000 was default interest calculated at 30 percent per month.

by the plaintiff. That affidavit pertained only to the $87,000 note and reflected a 30 percent per annum default interest rate, not a 30 percent per month default rate. The defendants were not present at the hearing on the motion, thereafter claiming that they had not received notice of the hearing.

On May 23, 2003, the defendants filed a motion to reargue the judgment of strict foreclosure, which was heard on July 3, 2003.[3] At a hearing on the motion, the defendants argued that the note was unconscionable and usurious because it contained the default interest rate of 30 percent per month. In response, the plaintiff explained that, despite an earlier demand for payment based on the 30 percent per month default rate of interest; see footnote 2 of this opinion; the law firm that drafted the note had informed the plaintiff that the 30 percent per month reflected in the note was a scrivener's error that should have read 30 percent per year. Before the court rendered its decision on the defendants' motion to reargue, the defendants filed a motion to open the judgment of strict foreclosure, alleging that there was no evidentiary basis for the court's judgment as to the amount of the debt, specifically, as to the reformed interest rate. On August 4, 2003, after a hearing, the court granted the defendants' motion to open, but ordered reentry of a judgment of strict foreclosure, set a law day of September 22, 2003, and again set the debt at $191,167.50.

On August 20, 2003, the defendants appealed from the August 4, 2003 judgment of strict foreclosure to the Appellate Court, which initiated an automatic stay of the foreclosure. See Practice Book § 61-11 (a). On September 30, 2003, the plaintiff filed a motion to terminate the automatic stay pursuant to Practice Book § 61-11

---

[3] At the hearing on the defendants' motion to reargue, the trial court opened the judgment to set new law dates commencing August 11, 2003.

(c) and (d). On October 30, 2003, the trial court granted the motion to terminate the stay.

On November 10, 2003, the defendants timely filed in the Appellate Court a motion for review of the trial court's order terminating the automatic stay. On December 1, 2003, the plaintiff filed a new motion for a judgment of strict foreclosure with the trial court.[4] On December 9, 2003, the Appellate Court denied the motion for review. On December 19, 2003, the defendants timely filed a motion for reconsideration of the denial of their motion for review, claiming that they would be deprived of their right to appeal if the judgment were executed. On December 22, 2003, the trial court granted the plaintiff's motion for judgment of strict foreclosure and set a new law day of February 23, 2004. The court also revised the debt to $423,735.98, based on the plaintiff's amended affidavit of debt that then also included the $163,000 Rigi note.

On January 14, 2004, however, the Appellate Court granted the defendants' December 19, 2003 motion for reconsideration of its denial of their motion for review of the trial court's termination of the automatic stay. Thereafter, the Appellate Court ordered the trial court to articulate the basis of its decision to terminate the automatic stay and its factual and legal basis for reforming the $87,000 note. After the court issued its articulation, on July 8, 2004, almost seven months after the trial court had opened the judgment and set new law days, the Appellate Court granted the defendants' motion for review and vacated the order of the trial court terminating the automatic stay. Thus, as a result of the various procedural mechanisms invoked by the defendants in response to the plaintiff's efforts to exe-

---

[4] The plaintiff originally had filed the same motion for judgment of strict foreclosure and a motion to set new law days on November 3, 2003, but the court did not act on that motion.

cute the judgment of strict foreclosure, a stay of the judgment was in effect from August 20, 2003, the date the defendants had filed their appeal. See Practice Book §§ 61-11 (a), 63-1 and 71-6.

In light of the procedural history of the case, shortly before oral argument, the Appellate Court sua sponte ordered the parties to be prepared to address the issue of whether the appeal had been rendered moot. *RAL Management, Inc.* v. *Valley View Associates*, supra, 88 Conn. App. 435. Specifically, the court questioned whether the appeal had been rendered moot because the trial court had opened the August 4, 2003 judgment of strict foreclosure from which the appeal derived and had rendered a new judgment of strict foreclosure on December 22, 2003, with new law days and a revised debt. Id., 437. In its opinion, the Appellate Court noted that, under similar circumstances, in *Milford Trust Co.* v. *Greenberg*, supra, 137 Conn. 278–79, this court had concluded that a motion to open rendered the original judgment void and, therefore, the appeal was moot. *RAL Management, Inc.* v. *Valley View Associates*, supra, 437–38. Although the Appellate Court questioned the result required under *Milford Trust Co.* as judicially inefficient; id., 439; the court concluded that it nonetheless was constrained under that precedent to dismiss the appeal as moot because the original, August 4, 2003 judgment from which the defendants had appealed had been rendered void by the December 22, 2003 judgment. Id., 441–42. This certified appeal followed.[5]

The defendants claim that the appeal is not moot because the trial court's actions in granting the motion to open violated the automatic stay in effect pending the appeal and, therefore, should be considered a nullity.

---

[5] We granted the defendants' petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly dismiss the defendants' appeal as moot?" *RAL Management, Inc.* v. *Valley View Associates*, 274 Conn. 902, 876 A.2d 12 (2005).

Specifically, they contend that the trial court's action was undertaken only to implement its order terminating the appellate stay, an order that the Appellate Court ultimately vacated. The defendants further contend that the appeal is not moot because there is a live controversy from which practical relief can be granted. Finally, they contend that *Milford Trust Co.* is inapplicable because: there was no violation of an automatic stay in that case; it may be distinguishable based on facts that cannot be ascertained from the sparse record in that case;[6] and there are prejudicial collateral consequences that preclude mootness in the present case.

The plaintiff contends that the Appellate Court properly dismissed the appeal as moot under *Milford Trust Co.* because the trial court's December, 2003 judgment of strict foreclosure did not violate the stay and properly extinguished the prior judgment. The plaintiff further contends that, to preserve their right of appeal, the defendants were required to have filed a new appeal, subsequent to the trial court's decision on the motion to open, within the new appeal period provided under Practice Book § 63-1. We conclude that the defendant's appeal is not moot and that *Milford Trust Co.* should be overruled.

We begin with the "well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction . . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical

---

[6] The Appellate Court had observed in this regard: "[W]e have no way of assessing whether there was some special nuance in [*Milford Trust Co.*] that led the Supreme Court to its determination. Because the case was dismissed on a motion, there are no appellate briefs or a record in the bound volumes of the Supreme Court records and briefs that would assist us with such an assessment. For that reason, we must accept the case on its face." *RAL Management, Inc.* v. *Valley View Associates*, supra, 88 Conn. App. 431 n.1.

relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Sweeney* v. *Sweeney*, 271 Conn. 193, 201, 856 A.2d 997 (2004). Mootness implicates this court's subject matter jurisdiction, raising a question of law over which we exercise plenary review. *In re Allison G.*, 276 Conn. 146, 156, 883 A.2d 1226 (2005).

We turn, therefore, to *Milford Trust Co.* In that case, this court granted the plaintiff's motion to erase, which is the equivalent to a motion to dismiss under the current rules of practice, the named defendant's appeal from a judgment of foreclosure on the ground that the trial court's subsequent modifications to the judgment rendered void the judgment from which the defendant had appealed. *Milford Trust Co.* v. *Greenberg*, supra, 137 Conn. 278. Specifically, on May 5, 1950, the trial court rendered a judgment of foreclosure, with execution stayed until June 8, after the law dates set for June 5 through 7 had passed. Id., 277. On May 15, the named defendant appealed from that judgment. Id., 278. On June 8, the trial court granted the plaintiff's motion for execution, pursuant to then Practice Book, 1934, § 366,[7] with that court's order including an extension of the

---

[7] Practice Book, 1934, § 366 provides: "Stay of Execution. In all civil actions, execution shall be stayed for two weeks after final judgment; and if an appeal be filed, or a notice of appeal as provided in [§] 368, then execution shall be stayed until the final determination of the cause; but if the judge trying the same is of the opinion that the appeal is taken only for delay, or that the due administration of justice requires it, he may order execution at any time upon motion and hearing.

"If a stay of execution has been ordered by a trial court and [the Supreme Court] shall, upon appeal, advise that no new trial be granted, or decide that there has been no error, any judge of the court which ordered the stay may release it by giving a written notice order to that effect to the clerk, who shall file it with the papers in said cause, and thereupon issue such execution.

"Such stay applies to every judgment in a civil action providing for the recovery of damages or requiring the performance of an act." See footnote 9 of this opinion for the text of the current version of the rule under Practice Book § 61-11.

law days. Id. On June 13, the trial court granted the motion of the other defendant in the action to open the judgment "for the sole purpose of extending the dates of redemption to July 10 and succeeding days, and in all other respects the judgment of May 5 was re-entered as originally rendered." Id. The plaintiff then moved to erase, or dismiss, the appeal on the ground that the May 5 judgment from which the named defendant had appealed was nonexistent as a result of the trial court's subsequent actions. Id.

After first concluding that the trial court properly had opened the judgment despite the pending appeal; id.; the court in *Milford Trust Co.* reasoned that "[t]he [trial] court's order of June 8 involved a modification of the judgment of May 5 and necessarily implied an opening of the preceding judgment which it modified, and a complete substitution for its operative portions. [It] was in essence and substance a new judgment. . . . The same holds true as to the effect of the subsequent judgment of June 13 upon the judgment of June 8. . . . Since the court's order of June 8 was operative to open the judgment of May 5, the case then stood as though that judgment as originally entered had never been rendered. . . . Accordingly, any appeal from that judgment would be void." (Citations omitted; internal quotation marks omitted.) Id., 278–79.

It appears from the limited record available based on the procedural posture of the case; see footnote 6 of this opinion; that *Milford Trust Co.* is consistent with the facts of the present case in that, after the appeal from the judgment of foreclosure had been filed, a motion to open the judgment was filed and granted, and the motion sought only to change the dates of redemption, i.e., law days. We conclude, however, that the facts of the present case may be distinguished in a significant respect from those in *Milford Trust Co.*, and

that, even absent such a distinction, the defendants' appeal was not vitiated by the opening of the judgment.

## I

In the present case, it is undisputed that, as a result of the Appellate Court's decision of July 8, 2004, vacating the trial court's order terminating the automatic stay, the stay of the judgment from which the defendants had appealed was in effect pending the appeal. It appears from the opinion in *Milford Trust Co.* that the trial court in that case terminated the appellate stay pursuant to its June 8, 1950 order on the plaintiff's motion for execution. Assuming that to be true, the present case presents a different threshold issue, namely, whether the trial court properly opened the judgment while the appellate stay was in effect merely to change the law days. We conclude that such an action was improper and therefore should not operate to invalidate the original judgment and the defendant's appeal therefrom.[8]

It is well established that a trial court properly may open a judgment while an appeal is pending, even to address the issue raised on appeal. *Ahneman* v. *Ahneman*, 243 Conn. 471, 482–83, 706 A.2d 960 (1998), and cases cited therein. The rules of practice, however, preclude any proceedings to enforce or carry out the judgment while an appellate stay is in effect. See Practice Book § 61-11.[9] Specifically, with respect to appeals from

---

[8] If, contrary to the suggestion in *Milford Trust Co.*, the appellate stay was not terminated, we note that that opinion does not address the issue of the effect of the appellate stay. Moreover, it appears that the defendants in the present case did not squarely raise before the Appellate Court the issue of whether the present case was distinguishable from *Milford Trust Co.* because of the effect of the stay. Nonetheless, we reach this issue because the factual record is clear on the matter and the issue before us is our subject matter jurisdiction to entertain the appeal.

[9] Practice Book § 61-11 (a) provides: "Automatic stay of execution

"Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to take an appeal has expired. If an appeal is filed, such

judgments of strict foreclosure, we have held that the law days set forth in such judgments cannot be given legal effect while there is an appellate stay in effect because to do so would result in the extinguishment of the right of redemption pending appeal. As this court explained in *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 347–48, 579 A.2d 1054 (1990): "This court has often recognized that the law days established in a foreclosure judgment are ineffective while an appeal is pending. In *Zinman* v. *Maislen*, 89 Conn. 413, 94 A. 285 (1915), the holding of the court is summarized in the headnote as follows: 'The seasonable filing of a notice of appeal . . . operates as a stay of further proceedings under a judgment of foreclosure; and therefore, pending such appeal, the parties respondent are not obliged to redeem on or before the expiration of the law-day fixed by the judgment, nor can the plaintiff, under such circumstances, acquire title absolute under a certificate of foreclosure.' 'Upon the filing of [the defendant's] appeal . . . [the rules of practice] became operative to stay further proceedings under the judgment . . . precluding the passage of title upon any of the law days provided for in that judgment.' *Milford Trust Co.* v. *Greenberg*, [supra, 137 Conn. 278]. 'Because of delays incident to the legal process of appeal, the judgment of the trial court [becomes] ineffective in an essential respect, and what is in effect a new judgment [becomes] necessary.' *Hartford National Bank & Trust Co.* v. *Tucker*, 195 Conn. 218, 222, 487 A.2d 528, cert. denied, 474 U.S. 875, 106 S. Ct. 135, 88 L. Ed. 2d 111 (1985)."

In other words, the law days are ineffective pending the stay because to treat them otherwise would carry

proceedings shall be stayed until the final determination of the cause. If the case goes to judgment on appeal, any stay thereafter shall be in accordance with Section 71-6 (motions for reconsideration), Section 84-3 (petitions for certification by the Connecticut supreme court), and Section 71-7 (petitions for certiorari by the United States supreme court)."

out the judgment in violation of the stay.[10] It necessarily follows, therefore, that if the law days have no legal effect and necessarily will lapse pending the appeal; see *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 216 Conn. 348; any change to those dates pending appeal similarly have no· effect. Indeed, the rules of practice anticipate such a circumstance by providing specific authority for the trial court to set new law days if the court's judgment is affirmed on appeal. See Practice Book § 17-10.[11]

In the present case, the record suggests that the trial court opened the judgment to change the law days to effectuate its order terminating the appellate stay. That order could not be given effect, however, because the Appellate Court's order vacated that order, thus reviv-

---

[10] This court similarly has explained that, "[i]f a motion to reopen judgment is filed during the appeal period [but no appeal has been filed], the time for filing the appeal then commences from the issuance of notice of the decision on the motion, as provided in [then Practice Book § 4009, now § 63-1]. This rule can have profound effects on a foreclosure decree, since [Practice Book § 4046, now § 61-11] stays proceedings to enforce or carry out the judgment . . . until the time to take an appeal has expired. Thus, law days in a strict foreclosure cannot run, or· a sale cannot take place, if a motion to reopen was filed during the appeal period but has yet to be ruled upon; any redemption or auction under such circumstances would be violative of the automatic stay, and any title derived through such stayed proceedings would be subject to defeasance. D. R. Caron, Connecticut Foreclosures (2d Ed. [1989]) § 17.06." .(Internal quotation marks omitted.) *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 216 Conn. 349 n.7.

[11] Practice Book § 17-10, which in all significant respects mirrors its predecessors dating back to the 1934 rules of practice, provides: "Modifying Judgment after Appeal

"If a judgment fixing a set time for the performance of an act is affirmed on appeal by the supreme court and such time has elapsed pending the appeal, the judicial authority which rendered the judgment appealed from may, on motion and after due notice, modify it by extending the time." See Practice Book, 1963, § 272; Practice Book, 1951, § 205; Practice Book, 1934, § 203. The author's comment to § 272 of the 1966 Practice Book Annotated explains that "[the] rule was passed primarily to apply in mortgage foreclosure cases" to allow the trial court to set new law dates. J. Kaye & W. Moller, 1 Connecticut Practice Series, Practice Book Annotated (1st Ed. 1966) § 272, author's comments.

ing the stay. Therefore, the trial court's action must be viewed as either a legal nullity or an action in contravention to the appellate stay barring actions to carry out or to enforce the judgment pending appeal. Accordingly, the trial court's actions in opening the judgment to set new law days was improper and cannot be given effect to invalidate the defendants' appeal.[12]

## II

Although our conclusion in part I of this opinion resolves the specific matter before us, we nonetheless conclude that we should take this opportunity to address the continuing vitality of *Milford Trust Co.* Specifically, we turn to the question of whether the opening of a judgment of strict foreclosure to modify certain terms of that judgment necessarily renders the original judgment void and the attendant appeal moot. We conclude that the appeal is not rendered moot as a matter of law.

As an initial matter, we note that the opinion in *Milford Trust Co.* contains no explicit reference to the issue of mootness or, indeed, any citation to our mootness jurisprudence. Instead, *Milford Trust Co.* relied on case

---

[12] We surmise that the trial court did not act knowingly in violation of the stay. The record indicates that the defendants filed their motion for reconsideration of the Appellate Court's denial of their motion for review of the trial court's decision terminating the stay on the last day permitted for filing that motion. The plaintiff represented to this court that it had received a copy of the motion for reconsideration the following business day, after the trial court had held the hearing on the motion to open the judgment, the same day the court granted that motion.

We also note that the trial court revised the amount of the debt when it reentered the judgment of foreclosure with new law days. The plaintiff's December 1, 2003 motion for the new judgment, however, did not seek to revise the amount of the debt, but, rather, sought only to have the new law days set. The plaintiff filed its amended affidavit of debt on December 22, 2003, the day that the court reentered its judgment of foreclosure. We, therefore, do not consider whether it would have been proper for the trial court to open the judgment to revise the amount of debt pending appeal had the plaintiff sought to open the judgment on that basis.

law addressing two effects that flow from the opening of a judgment—one relating to whether a final judgment exists upon the opening of a judgment, and the other relating to whether the granting of a motion to open creates a new judgment for purposes of the time limitation for filing a subsequent motion to open. On the basis of this case law, the court in *Milford Trust Co.* concluded that a judgment necessarily is rendered "ineffective," and hence void, if a motion to open has been granted. In our view, neither of these principles controls the issue before us.

It is well settled that, as a general rule, the granting of a motion to open renders a trial court's judgment nonfinal and, therefore, ineffective pending its resolution. *State* v. *Phillips*, 166 Conn. 642, 646, 353 A.2d 706 (1974); *Ostroski* v. *Ostroski*, 135 Conn. 509, 511, 66 A.2d 599 (1949); *Clover Farms, Inc.* v. *Kielwasser*, 134 Conn. 622, 623, 59 A.2d 550 (1948); *Simpson* v. *Y.M.C.A. of Bridgeport*, 118 Conn. 414, 417–18, 172 A. 855 (1934). Therefore, with limited exceptions; see *Ostroski* v. *Ostroski*, supra, 511; this court lacks jurisdiction over an appeal filed subsequent to the granting of a motion to open because there is no final judgment, an essential prerequisite to our jurisdiction. See General Statutes § 52-263; Practice Book § 61-1; *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 34, 694 A.2d 1246 (1997) ("lack of a final judgment is a jurisdictional defect that mandates dismissal"). The rules of practice protect the right to appeal under such circumstances by tolling or creating a new appeal period pending resolution of that motion. See Practice Book § 63-1.

When a timely appeal has been filed before a motion to open has been filed, however, there is an effective, final judgment at the time of the appeal, and thus this court has jurisdiction to consider the appeal. See *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corp.*, 187 Conn. 509, 510 n.2, 446 A.2d 1082 (1982)

("[t]he fact that the trial court has the power to open a judgment . . . does not mean that the judgment is not final for purposes of appeal" [citations omitted]), overruled on other grounds by *Morelli* v. *Manpower, Inc.*, 226 Conn. 831, 628 A.2d 1311 (1993). "As a general rule, jurisdiction once acquired is not lost or divested by subsequent events."[13] (Internal quotation marks omitted.) *Loulis* v. *Parrott*, 241 Conn. 180, 198, 695 A.2d 1040 (1997), overruled on other grounds by *Munroe* v. *Zoning Board of Appeals*, 261 Conn. 263, 802 A.2d 55 (2002); see also Practice Book § 60-2.[14] Because we may suspend the exercise of our jurisdiction while a trial court resolves a matter necessary to the proper resolution of the appeal, the granting of a motion to open while the appeal is pending does not divest us of jurisdiction to consider the appeal upon the resolution of that motion. See *O'Bymachow* v. *O'Bymachow*, 10 Conn. App. 76, 78, 521 A.2d 599 (1987) (remanding case to trial court to consider motion to open but retaining

---

[13] One notable exception to that rule is when subsequent events have rendered the appeal moot. *Loulis* v. *Parrott*, 241 Conn. 180, 198 n.11, 695 A.2d 1040 (1997). For the reasons set forth in this opinion, however, that exception has not been satisfied in the present case.

[14] Practice Book § 60-2 addresses the authority of the court to, inter alia, order the trial court to take necessary measures to complete the record for appeal and provides in relevant part: "Supervision of Procedure

"The supervision and control of the proceedings on appeal shall be in the court having appellate jurisdiction *from the time the appeal is filed*, or earlier, if appropriate, and, except as otherwise provided in these rules, any motion the purpose of which is to complete or perfect the trial court record for presentation on appeal shall be made to the court in which the appeal is pending. The court may, on its own motion or upon motion of any party, modify or vacate any order made by the trial court, or a judge thereof, in relation to the prosecution of the appeal. It may also, for example, on its own motion or upon motion of any party, (1) order a judge to take any action necessary to complete the trial court record for the proper presentation of the appeal . . . (4) order a stay of any proceedings ancillary to a case on appeal . . . (9) remand any pending matter to the trial court for the resolution of factual issues where necessary . . . ." (Emphasis added.) Thus, once this court has acquired jurisdiction over the appeal, if a motion to open were pending in the case, we would have the authority to order the trial court either to address the motion or stay proceedings on that motion.

case on appellate court docket pending resolution of that motion); see also *Nesmith* v. *Michelsen*, 243 Conn. 237, 238, 702 A.2d 138 (1997) (reversing judgment and remanding case to trial court with direction to cite in additional party and to resolve issues again, while retaining jurisdiction over appeal for purposes of any further appellate proceedings, without necessity of filing another appeal); *Higgins* v. *Karp*, 239 Conn. 802, 811, 687 A.2d 539 (1997) (reversing judgments and vacating orders denying motions to set aside defaults, remanding case to trial court to redetermine whether good cause exists to set aside defaults but retaining jurisdiction of case for purposes of appellate review of other issues on appeal in event trial court does not find good cause to set aside defaults); *State* v. *Webb*, 238 Conn. 389, 489, 680 A.2d 147 (1996) (remanding case to trial court for hearing on defendant's state constitutional claim but retaining jurisdiction of case solely for purpose of appellate review following trial court's determination of that issue). Thus, final judgment considerations do not preclude our jurisdiction over an appeal when that appeal properly is before us in the first instance.

We turn, therefore, to *Milford Trust Co.*'s reliance on case law holding that the reentry of judgment following the granting of a motion to open created a new judgment. Specifically, in its per curiam opinion, the court principally relied on *Union & New Haven Trust Co.* v. *Taft Realty Co.*, 123 Conn. 9, 15, 192 A. 268 (1937). In that case, the trial court had opened and vacated a judgment of foreclosure after twice opening the judgment to extend the law days to accommodate related interests in a pending federal bankruptcy proceeding. Id., 11–12. The relevant issue was whether the motion to open, pursuant to which the judgment had been vacated, was filed within the time period prescribed by

statute.[15] Id., 13–14. This court rejected the appellant's claim that the date of the original judgment controlled, concluding that a new judgment was created and hence a new limitations period commenced after each modification to the judgment. See id., 15–16 ("The original judgment . . . was twice modified. Each of these modifications was one made under the provisions of [then General Statutes § 5084, now § 49-15] with regard to the opening and modification of foreclosure judgments, each necessarily implied an opening of the preceding judgment which it modified, and a complete substitution for its operative portions. Each was in essence and substance a new judgment.").

We read *Union & New Haven Trust Co.* merely as establishing that the opening and modification of a judgment triggers a new limitations period under which the modified judgment may be opened. See also *Coxe* v. *Coxe*, 2 Conn. App. 543, 547–48, 481 A.2d 86 (1984) (relying on *Union & New Haven Trust Co.* in concluding that modifications to dissolution judgment triggered new four month period under General Statutes § 52-212a to file motion to open judgment). We do not read it as establishing that *any* modification to a judgment renders the original judgment void such that it extinguishes all rights that flowed from that judgment.[16] To

[15] Subsequent to the court's decision in *Union & New Haven Trust Co.*, the legislature enacted a statute permitting a trial court, for cause, to open a judgment of strict foreclosure at any time before title has become absolute in any encumbrancer. See General Statutes § 49-15 (a).

[16] We note that the rules of practice similarly create a new appeal period when a motion is filed within the original appeal period "that, if granted, would render the judgment, decision or acceptance of the verdict *ineffective*"; (emphasis added) Practice Book § 63-1 (c) (1); and expressly provide that one such motion is a motion to open the judgment. See id. (also listing motions seeking to set aside judgment, for new trial, and for judgment notwithstanding verdict). In our view, however, particularly in light of the nature of the other motions that trigger the new appeal period, this language simply reflects the fact that, typically, a motion to open is used as a procedural vehicle to obtain the equivalent of a motion to set aside the judgment. See, e.g., *William G. Major Construction Co.* v. *DeMichely*, 166 Conn. 368, 372, 349 A.2d 827 (1974) (opening judgment of strict foreclosure and substi-

the extent that *Union & New Haven Trust Co.* held that the modified judgment gives rise to a "new" judgment for purposes of dictating a new time limitation under which a motion to open properly could be filed, we also recognize that the judgment is new to the extent that the supplanted terms no longer exist. See *Union & New Haven Trust Co.* v. *Taft Realty Co.*, supra, 123 Conn. 15 (modification results in "a complete substitution *for its operative portions*" [emphasis added]). Indeed, in this regard, there is a substantive distinction between opening a judgment to modify or to alter incidental terms of the judgment, leaving the essence of the original judgment intact, and opening a judgment to set it aside. Under the latter circumstances, the original judgment necessarily has been rendered void and any appeal therefrom would be rendered moot. See *Upjohn Co.* v. *Zoning Board of Appeals*, 224 Conn. 106, 109–10, 616 A.2d 798 (1992) (original judgment void when court opened judgment and issued corrected memorandum of decision rendering judgment in favor of party against whom it originally had rendered judgment); *William G. Major Construction Co.* v. *DeMichely*, 166 Conn. 368, 372, 349 A.2d 827 (1974) (original judgment void when trial court opened and set aside judgment of strict foreclosure, substituting judgment of foreclosure by private sale); but see id., 373 (suggesting that defendant may

---

tuting judgment of foreclosure by private sale); *Padaigis* v. *Kane*, 125 Conn. 727, 727–28, 4 A.2d 335 (1939) (addressing defendant's motion to open seeking to offer further evidence and to file new special defense after trial court rendered judgment in favor of plaintiff); *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.*, 108 Conn. 304, 306, 142 A. 838 (1928) (opening and setting aside judgment of default); see also Practice Book § 63-1 (c). In such cases, consistent with our conclusion herein, the granting of such a motion actually would render the original judgment ineffective in the sense of being void. Even when the motion does not seek to vacate the judgment, such an action is not precluded by the trial court because, once a judgment is opened, the court "may then take any action that it could have taken prior to the entry of the original judgment." 2 E. Stephenson, Connecticut Civil Procedure (3d Ed. 2002) § 199 (c), p. 426.

have been able to preserve appeal from original judgment by having court's order reflect stipulation of parties that defendant's appeal from original default judgment was not affected by defendant's motion to substitute judgment of foreclosure by sale).

In *Milford Trust Co.* v. *Greenberg*, supra, 137 Conn. 277–78, the only change to the original judgment was an extension of the law days; all other substantive terms of the original judgment were unchanged. Under such circumstances, the opening of the judgment did not render void the original judgment and thus require dismissal of the appeal. Indeed, we agree with the Appellate Court that the *Milford Trust Co.* rule fosters judicial inefficiency, requiring that a new appeal be filed each time a modification is made, irrespective of its impact on either the substance of the judgment (i.e., a substitution of a party or an extension to a sale or law date) or the issues on appeal. We cannot countenance such a rule. Therefore, *Milford Trust Co.* must be overruled.

Under our well established jurisprudence, "[m]ootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Internal quotation marks omitted.) *Pritchard* v. *Pritchard*, 92 Conn. App. 327, 339–40, 885 A.2d 207 (2005). In other words, the ultimate question is whether "the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) *In re Allison G.*, supra, 276 Conn. 165.

In considering the effect of the opening of a judgment on a pending appeal, then, the appropriate question is whether the change to the judgment has affected the issue on appeal. If, in opening the judgment, the trial

court reverses itself and resolves the matter at issue on appeal in the appellant's favor, it is clear that the appeal is moot as there is no further practical relief that may be afforded. See, e.g., *Upjohn Co.* v. *Zoning Board of Appeals*, supra, 224 Conn. 109–10; see also *O'Bymachow* v. *O'Bymachow*, supra, 10 Conn. App. 78. Conversely, if the judgment is opened to address issues entirely unrelated to the appeal, the opening of the judgment has had no effect on the availability of relief. A more difficult question may be presented if the trial court addresses the matter at issue on appeal, but does not entirely afford the appellant the relief sought. In such cases, the extent to which the trial court alters the judgment may require either a new appeal or an amended appeal. See Practice Book §§ 61-9 and 63-1 (c) (3). As "[t]he determination of whether a claim has become moot is fact sensitive"; (internal quotation marks omitted) *Chimblo* v. *Monahan*, 265 Conn. 650, 655, 829 A.2d 841 (2003); the facts of each case similarly must dictate the appropriate procedure to follow.

The judgment of the Appellate Court is reversed and the case is remanded to that court for consideration of the merits of the appeal.

In this opinion the other justices concurred.