RAL MANAGEMENT, INC. *v.* VALLEY VIEW
ASSOCIATES ET AL.
(AC 24558)

Flynn, C. J., and Rogers and Stoughton, Js.

Argued February 6—officially released July 24, 2007

*Sabato P. Fiano*, for the appellants (named defendant et al.).

*Leonard A. Fasano*, for the appellee (plaintiff).

*Opinion*

STOUGHTON, J. This case was remanded to us by our Supreme Court. *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 899 A.2d 586 (2006). The defendants[1] Valley View Associates and Kings Highway Associates appealed from the trial court's judgment of strict foreclosure rendered on August 4, 2003, in favor of the plaintiff, RAL Management, Inc. We dismissed the appeal, concluding that the trial court's opening of the judgment to set new law days and to revise the amount of the debt, rendered the appeal moot. *RAL Management, Inc.* v. *Valley View Associates*, 88 Conn. App. 430, 872 A.2d 462, cert. granted, 274 Conn. 902, 876 A.2d 12 (2005), rev'd, 278 Conn. 672, 899 A.2d 586 (2006). The Supreme Court, after granting certiorari, reversed the judgment and remanded the case to this court for consideration of the merits of the appeal. *RAL Management, Inc.* v. *Valley View Associates*, supra, 278 Conn. 692.

On appeal, the defendants claim, in essence, that the mortgage note was improperly reformed and that the

---

[1] Also named as defendants in the original complaint were Kersten Rigi and the law firm of Diserio, Martin, O'Connor & Castiglioni, LLP. The complaint as to Rigi was withdrawn on February 27, 2003, and the law firm is not a party to this appeal. In this opinion, we refer to Valley View Associates and Kings Highway Associates as the defendants.

amount of the underlying debt was improperly calculated because it was based on an interest rate not in the note and not otherwise supported by the evidence and that the plaintiff was not entitled to foreclosure because the terms of the note violated General Statutes § 37-4 and were unconscionable. We agree that the amount of the debt was improperly calculated and therefore reverse the judgment of the trial court.[2]

The relevant facts and the procedural history appear in the prior opinions. The relevant facts may be summarized briefly as follows. The plaintiff acquired a promissory note executed by the defendants in the principal sum of $87,000.[3] The note is secured by a mortgage and provides for an annual interest rate of 6 percent and a default interest rate of 30 percent per month.[4] The plaintiff brought an action to foreclose the mortgage, and on July 9, 2001, the defendants were defaulted for failure to plead. On February 27, 2003, the plaintiff filed a motion for judgment of strict foreclosure. On March 19, 2003, the defendants filed an answer and special defenses that essentially were premised on the default interest rate. On May 5, 2003, the court granted the motion for strict foreclosure and found the debt to be $191,167.50 on the basis of an affidavit of debt, which

[2] At oral argument, the defendants conceded that they were defaulted properly and liable on the note. Therefore, we do not need to consider the issue of whether the court should have set aside the default.

[3] After the defendants appealed from the August 4, 2003 judgment, the court opened the judgment, set new law days and adjusted the debt to include an amount owed by the defendants to the plaintiff pursuant to another promissory note. Our Supreme Court determined that this later action by the court, because it occurred during the automatic appellate stay, was either "a legal nullity or an action in contravention to the appellate stay barring actions to carry out or to enforce the judgment pending appeal." *RAL Management, Inc.* v. *Valley View Associates,* supra, 278 Conn. 685. Therefore, no issues relating to the other note are before us on this appeal.

[4] The promissory note itself does not appear in the file before us. It is clear from the transcript of the July 3, 2003 hearing that the face of the note provides for a default of payment interest rate of 30 percent per month.

stated that the default interest rate of the promissory note was 30 percent per annum. The defendants moved to reargue and, at the resulting hearing, various matters, including the default interest rate, were discussed. The plaintiff's counsel explained to the court that despite an earlier demand for payment based on an interest rate of 30 percent per month, the drafter of the note had informed him that he had made a scrivener's error and that the default interest rate should have been 30 percent per annum. Before the court rendered a decision on the motion, the defendants moved to open the judgment. On August 4, 2003, the court granted the motion to open but ordered reentry of the judgment of strict foreclosure, again setting the debt at $191,167.50. On August 20, 2003, the defendants appealed, initiating an automatic stay. The ensuing events, which are set out in the prior opinions, culminated in the remand to this court.

The defendants first claim that the court improperly reformed the note and calculated the amount of the debt. Specifically, the defendants argue that there was no evidence in the record from which the court could have determined that the rate of interest was 30 percent per annum. We agree with the defendants that the amount of the debt was improperly calculated and that it was based on an interest rate that was not stated in the note.

"[A] promissory note is nothing more than a written contract for the payment of money and, as such, contract law applies." (Internal quotation marks omitted.) *SKW Real Estate Ltd. Partnership* v. *Gallicchio*, 49 Conn. App. 563, 574, 716 A.2d 903, cert. denied, 247 Conn. 926, 719 A.2d 1169 (1998). Courts have the equitable authority to reform contracts in some cases to reflect the true intentions of the parties in the case of fraud or other inequitable conduct by one of the parties, mutual mistake, or to correct a scrivener's error in

memorializing the agreement. *Greenwich Contracting Co.* v. *Bonwit Construction Co.*, 156 Conn. 123, 126, 239 A.2d 519 (1968); *Gold* v. *Connecticut Home Therapeutics, Inc.*, 37 Conn. App. 852, 855, 658 A.2d 596 (1995). "A court in the exercise of its power to reform a contract must act with the utmost caution and can only grant the relief requested if the prayer for reformation is supported by convincing evidence. . . . In the absence of fraud, it must be established that both parties agreed to something different from what is expressed in writing, and the proof on this point should be clear so as to leave no room for doubt." (Citation omitted.) *Greenwich Contracting Co.* v. *Bonwit Construction Co.*, supra, 126–27. In the absence of a stipulation between the parties to the note, evidence is required before reformation can be granted. See *Traggis* v. *Shawmut Bank Connecticut, N.A.*, 72 Conn. App. 251, 259, 805 A.2d 105, cert. denied, 262 Conn. 903, 810 A.2d 270 (2002).

At a hearing conducted on July 3, 2003, the trial court inquired about the plaintiff's assertion that the 30 percent per month interest rate, provided for on the face of the note, should have been 30 percent per annum and that it was a scrivener's error. Counsel for the defendants disputed the assertion, in part because a demand had been made for payment of a sum, including interest calculated at 30 percent per month. The plaintiff did not offer any proof of its claim other than counsel's own representations. The record does not reflect that the plaintiff's counsel testified under oath. Thereafter, the court requested briefs on another matter and postponed its judgment as to the true rate of interest. On August 4, 2003, the court heard argument on several issues related to the note, found that there had been a scrivener's error and reformed the note to reflect an interest rate of 30 percent per annum. The court did not state on the record the evidence on which it had

relied in making this finding. The trial court opened an earlier judgment, set new law days and ordered reentry of the judgment. This court, sua sponte, ordered an articulation of the facts and law supporting, among other things, the trial court's finding that the true rate of interest was 30 percent per annum. In response, the court merely reiterated that after a hearing on the issue, it determined that the true rate was 30 percent per annum.

After reviewing the record, we agree with the defendants that the court had no evidence before it from which it properly could find that there had been a scrivener's error in the note and that the interest rate should have been 30 percent per annum. Statements and arguments of counsel are not evidence; *Travelers Property & Casualty Co.* v. *Christie*, 99 Conn. App. 747, 761, 916 A.2d 114 (2007); and in this case the claim was disputed. We therefore remand the case to the trial court for a determination of what rate of interest, if any, should apply.

The defendants also claim that the mortgage is not a bona fide mortgage because the plaintiff sought to collect interest at the rate of 30 percent per month, on the one hand, as evidenced by a demand letter, while, on the other hand, it asserted that the 30 percent interest rate in the note was a scrivener's error and should have been 30 percent per annum.

With certain exceptions, General Statutes § 37-4[5] prohibits the loan of money at a rate of interest greater than 12 percent per annum. One of the exceptions is

---

[5] General Statutes § 37-4 provides in relevant part: "No person and no firm or corporation or agent thereof . . . shall . . . directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive therefor interest at a rate greater than twelve per cent per annum."

found in General Statutes § 37-9 (3),[6] which exempts any bona fide mortgage of real property for a sum in excess of $5000. At the hearing held on August 8, 2003, counsel for both parties agreed that the loan that is the subject of this appeal is exempted from the provisions of § 37-4 to the extent that the mortgage is a bona fide mortgage.

The resolution of this claim depends, at least in part, on the determination of whether there was a scrivener's error, and, if so, what the true rate of interest should be. Therefore, we do not reach the issue of whether the mortgage was a bona fide mortgage under the statute.

The defendants finally claim that, at either rate of interest, the mortgage terms were unconscionable. The court in foreclosure proceedings has discretion on equitable considerations and principles to examine all of the relevant circumstances. *Hamm* v. *Taylor*, 180 Conn. 491, 494–97, 429 A.2d 946 (1980). Because a mortgage foreclosure is an equitable proceeding, the court may consider all relevant circumstances to ensure that complete justice is done. *Reynolds* v. *Ramos*, 188 Conn. 316, 320, 449 A.2d 182 (1982). In determining the debt, the court should consider all of the equitable defenses raised by the defendants. Because the issue of unconscionability also depends, at least in part, on a determination of the true rate of interest, we do not reach this issue.

The judgment is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[6] General Statutes § 37-9 provides in relevant part: "The provisions of [section] 37-4 . . . shall not affect . . . (3) any bona fide mortgage of real property for a sum in excess of five thousand dollars . . . ."