******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SHAWN CROCKER *v.* COMMISSIONER OF
CORRECTION
(AC 38958)

Sheldon, Prescott and Kahn, Js.*

*Syllabus*

The petitioner, who is serving a sentence of incarceration following his
conviction of murder, sought a writ of habeas corpus alleging that his
placement in administrative segregation following a fight with another
inmate was illegal under the terms of certain administrative directives
of the Department of Correction. The habeas court rendered judgment
dismissing the petition, from which the petitioner, on the granting of
certification, appealed to this court. *Held* that the petitioner's appeal
was dismissed as moot; because, during the pendency of this appeal,
the petitioner had been transferred to an out-of-state facility and was
no longer in administrative segregation or incarcerated in Connecticut,
and because the sole form of relief requested by the petitioner was his
release from administrative segregation, there was no practical relief
that this court could grant the petitioner, and any suggestion regarding
how the petitioner would be housed if he were to be returned to a
correctional institution in Connecticut was speculative and did not cure
the mootness problem.

Argued September 22—officially released November 21, 2017

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland, where
the court, *Oliver, J.*, rendered judgment dismissing the
petition, from which the petitioner, on the granting of
certification, appealed to this court. *Appeal dismissed.*

*Shawn Crocker*, self-represented, the appellant (peti-
tioner).

*Edward Wilson, Jr.*, assistant attorney general, with
whom, on the brief, were *George Jepsen*, attorney gen-
eral, and *Terrence M. O'Neill*, assistant attorney general,
for the appellee (respondent).

*Opinion*

PRESCOTT, J. The petitioner, Shawn Crocker, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. In his petition, he alleged that he illegally was placed in administrative segregation. The petitioner is now incarcerated in a facility in Massachusetts and thus no longer in administrative segregation in Connecticut. Because the petitioner has failed to establish that this court could provide him any practical relief in reviewing his claim, we conclude that his appeal is moot. Accordingly, the appeal is dismissed.

The following facts and procedural history are relevant to this appeal. The petitioner currently is serving a sentence of incarceration after being convicted of murder. On July 29, 2015, the petitioner was incarcerated at MacDougall-Walker Correctional Institution in Suffield. That day, the petitioner was involved in a physical altercation with another inmate. During the altercation, the petitioner allegedly stabbed the inmate's face and body with a sharpened toothbrush.[1]

As a result of the altercation, the petitioner received two disciplinary tickets: one for fighting, and one for possessing Class A contraband. The petitioner then was given a restrictive housing status, transferred to Northern Correctional Institution, and placed in administrative segregation. On August 18, 2015, the petitioner was given a restrictive status hearing with Counselor Supervisor Griggs.[2] In anticipation of the hearing and in accordance with the administrative directives of the Department of Correction, the petitioner was afforded notice, an advocate, and the opportunity to provide a statement to the hearing officer. See Department of Correction Administrative Directive 9.4 (effective January 1, 2010). After the hearing, Griggs upheld the petitioner's security classification.

On November 24, 2015, the petitioner filed the underlying habeas petition challenging his security classification and placement in administrative segregation. In his petition, the petitioner claims that Department of Correction Administrative Directive 9.2 (effective July 1, 2006), Section 12 (C) does not provide for such placement because it only denotes nine offenses for which an inmate can be automatically placed in administrative segregation, none of which applied to the petitioner. The petitioner also appears to claim that his procedural due process rights during the grievance process were violated. The habeas court dismissed his petition because it found that it lacked subject matter jurisdiction over challenges to the risk classification and housing assignments of prisoners. The petitioner filed a petition for certification to appeal from the dismissal, which was granted by the habeas court in January, 2016.

In March, 2016, the petitioner filed the present appeal.

The petitioner later was taken out of administrative segregation and transferred to a correctional facility in Massachusetts. On June 2, 2016, this court, having learned of this change in circumstances, ordered the petitioner to address in writing whether his appeal was moot considering the fact that he was no longer in administrative segregation in Connecticut. The petitioner responded that he anticipates that he will return to a Connecticut institutional facility at some point in the future, and that there are no safeguards in place to ensure that he will not be placed back in administrative segregation at that time. Although this court took no further action as a result of its order, the parties addressed the issue of mootness at oral argument before this court.

We do not reach the merits of the petitioner's claim because we conclude that his appeal is moot. "Under our well established jurisprudence, [m]ootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way. . . . In other words, the ultimate question is whether the determination of the controversy will result in practical relief to the complainant." (Citation omitted; internal quotation marks omitted.) *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 691, 899 A.2d 586 (2006). If no such relief is available, the appeal is moot.

In his habeas petition, the petitioner specified, three times, that the form of relief he was requesting was release from administrative segregation. In stating his claim to the habeas court, the petitioner asked the court "to order defendants to immediately release the petitioner . . . from administrative segregation and place him back in general population." Furthermore, in his petition, when asked what action he was asking the habeas court to take, the petitioner checked the box "[c]orrect the institutional condition complained of." The petitioner additionally checked the box "[o]ther (specify)" and wrote "order defendants to release petitioner from administrative segregation." These statements, taken together, make clear that the sole form of relief requested by the petitioner was his release from administrative segregation.

Moreover, at oral argument before this court, the petitioner appeared on his own behalf and conceded that he is currently serving his sentence in a prison facility in Massachusetts, and is no longer in administrative segregation. Because the sole form of relief requested by the petitioner was release from administrative segregation, and because he is no longer in administrative segregation or incarcerated in Connecticut, there is no practical relief we can grant him. Any

suggestion regarding how the respondent, the Commissioner of Correction, would house the petitioner if he were to be returned to a Connecticut prison is speculative at best and thus does not cure the problem of mootness. See *Paulino* v. *Commissioner of Correction*, 155 Conn. App. 154, 163, 109 A.3d 516 (with respect to possible future injury, litigant must demonstrate that such possibility is more than abstract or purely speculative), cert. denied, 317 Conn. 912, 116 A.3d 310 (2015). We therefore conclude that the petitioner's appeal is moot.

The appeal is dismissed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The petitioner maintains that the sharpened toothbrush was not in his possession before the altercation, and, moreover, that it was the other inmate who initially used the sharpened toothbrush to strike the petitioner. The petitioner further alleges that he only used the toothbrush against the other inmate as necessary to defend himself.

[2] The record does not indicate Griggs' full name.