******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

WACHOVIA MORTGAGE, FSB *v.* PAWEL
TOCZEK ET AL.
(AC 42225)

Alvord, Keller, Elgo, Bright and Moll, Js.

*Syllabus*

The plaintiff W Co. sought to foreclose a mortgage on certain real property
owned by the defendant T. After T quitclaimed his interest in the property
to A, the trial court granted A's motion to intervene as a defendant.
Thereafter, F Co. was substituted as the plaintiff, and the trial court
rendered a judgment of strict foreclosure in favor of F Co., from which
A appealed to this court, which affirmed the judgment and remanded
the case to the trial court for the purpose of setting new law days.
Subsequently, the trial court granted F Co.'s motion to reset the law
days in accordance with this court's remand order and set new law
days, and A appealed to this court. Following the trial court's issuance
of an order terminating the appellate stay for any subsequent appeals,
this court dismissed A's appeal as frivolous and granted her motion for
review of the trial court's order terminating the appellate stay but denied
the relief requested therein. A then timely filed motions for reconsidera-
tion en banc of the dismissal of the appeal and the denial of relief from
the termination of the appellate stay. While A's motions for reconsidera-
tion en banc were still pending before this court, the trial court granted
F Co.'s motion to reset the law days and set the first law day for
December 4, 2018. Thereafter, A appealed to this court challenging the
trial court's order resetting the law days, this court denied her motions
for reconsideration en banc, and F Co. filed a motion to dismiss the
appeal. A subsequently filed a motion to open the judgment of strict
foreclosure and to extend the law days, which the trial court denied.
The trial court thereafter denied A's motion to reargue, and A amended
her appeal to challenge the denial of those motions. This court then
ordered, sua sponte, the parties to file memoranda addressing the issue
of whether the trial court's order resetting the law days should be
summarily reversed as being in contravention of the appellate stay.
Thereafter, F Co. filed a motion to dismiss the fourth appeal and the
amended appeal as moot and the amended appeal as frivolous. *Held*
that the trial court acted in contravention of the appellate stay when it
granted F Co.'s motion to reset the law days and set the law days:
pursuant to the binding authority of *RAL Management, Inc.* v. *Valley
View Associates* (278 Conn. 672), our Supreme Court held that resetting
law days while an appellate stay is in effect violates the stay and cannot
be given any legal effect because doing so is an action to carry out or
to enforce the judgment pending appeal, the record revealed that the
appellate stay here was in effect on October 15, 2018, when the trial
court granted F Co.'s motion and set the law days, and although the
trial court had granted F Co.'s motion to terminate the appellate stay,
A filed a timely motion for review on July 16, 2018, which continued
the appellate stay, and, therefore, the trial court violated the stay when
it reset the law days during the period of time when A's motion for
reconsideration of this court's denial of the relief requested in her motion
for review was still pending; moreover, F Co. could not prevail on its
claim that because this court denied A's motion for reconsideration,
the stay that had terminated when this court initially denied the relief
requested in A's motion for review was never revived or brought back
to life, as that claim ignored the plain language of the rule of practice
(§ 71-6) that provides that any stay of proceedings remains in effect
during the period of time for filing a motion for reconsideration and, if
such a motion is filed, until it is denied, and it was clear pursuant to
*RAL Management, Inc.*, that resetting the law days while the stay was
pending was in contravention of the stay, regardless of whether this
court ultimately granted the motion for reconsideration; accordingly,
the motion to dismiss the appeal was denied and the judgment granting
the F Co.'s motion to reset the law days and setting the law days could
not stand, and the motion to dismiss the amended appeal as frivolous

was granted.

Argued March 6—officially released May 14, 2019

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Mintz, J.*, granted the motion to intervene as a party defendant filed by Aleksandra Toczek; thereafter, Wells Fargo Bank, N.A., was substituted as the plaintiff; subsequently, the court rendered a judgment of strict foreclosure, from which the defendant Aleksandra Toczek appealed to this court, which dismissed the appeal; thereafter, the court, *Mintz, J.*, granted the substitute plaintiff's motion to open the judgment and to extend the law days and rendered a judgment of strict foreclosure, from which the defendant Aleksandra Toczek appealed to this court, which affirmed the judgment and remanded the case for the purpose of setting new law days; subsequently, the court, *Genuario, J.*, granted the substitute plaintiff's motion to reset the law days and set new law days, and the defendant Aleksandra Toczek appealed to this court; thereafter, the court, *Genuario, J.*, issued an order terminating the automatic appellate stay for any subsequent appeals; subsequently, this court dismissed the appeal and granted the motion for review filed by the defendant Aleksandra Toczek but denied the relief requested therein; thereafter, the defendant Aleksandra Toczek filed motions for reconsideration en banc; subsequently, the court, *Genuario, J.*, granted the substitute plaintiff's motion to reset the law days and set new law days, and the defendant Aleksandra Toczek appealed to this court; thereafter, this court denied the defendant Aleksandra Toczek motions for reconsideration en banc; subsequently, the substitute plaintiff filed a motion to dismiss the appeal; thereafter, the court, *Genuario, J.*, denied the motion to open the judgment and to extend the law days filed by the defendant Aleksandra Toczek; subsequently, the court, *Genuario, J.*, denied the motion to reargue filed by the defendant Aleksandra Toczek, and the defendant Aleksandra Toczek filed an amended appeal; thereafter, the substitute plaintiff filed a motion to dismiss the appeal and the amended appeal. *Reversed; further proceedings; motion to dismiss appeal denied; amended appeal dismissed.*

*Aleksandra Toczek*, self-represented, the appellant (intervening defendant).

*David M. Bizar*, with whom, on the memorandum, was *J. Patrick Kennedy*, for the appellee (substitute plaintiff).

*Opinion*

BRIGHT, J. In this foreclosure action, the self-represented defendant, Aleksandra Toczek,[1] appeals from the judgments of the trial court granting the motion of the plaintiff Wells Fargo Bank, N.A.,[2] to reset the law days and denying her motions to open the judgment of strict foreclosure and extend the law days and to reargue. On November 2, 2018, the plaintiff filed a motion to dismiss the appeal as frivolous. On February 14, 2019, the plaintiff filed a second motion to dismiss this appeal as moot and the amended appeal as moot and frivolous. That motion followed this court's order of February 4, 2019, in which we raised the question of whether the trial court's order resetting the law days should be summarily reversed as being in contravention of the appellate stay. After considering the parties' written submissions on that question and hearing oral argument on the matter, we conclude that, under binding authority from our Supreme Court, the trial court acted in contravention of the appellate stay when it reset the law days. We, therefore, deny the plaintiff's motion to dismiss the appeal and reverse the court's judgment granting the plaintiff's motion to reset the law days and setting the law days. We agree, however, that the defendant's amended appeal is frivolous and, therefore, grant the plaintiff's motion to dismiss the amended appeal.

The following procedural history is relevant to our analysis. In November, 2008, the original plaintiff, Wachovia Mortgage, FSB, filed this action seeking to foreclose a mortgage on real property located at 15 Kenilworth Drive West in Stamford. In February, 2014, the court, *Mintz, J.*, rendered a judgment of strict foreclosure. The defendant appealed to this court, which dismissed her appeal for lack of diligence.

The trial court then reentered the judgment of strict foreclosure in February, 2015. On appeal, this court affirmed the judgment and remanded the case to the trial court for the purpose of setting new law days. *Wachovia Bank, FSB* v. *Toczek*, 170 Conn. App. 904, 155 A.3d 830 (2017), cert. denied, 328 Conn. 914, 180 A.3d 961 (2018). The plaintiff filed a motion for order to reset the law days in accordance with this court's remand order, which the court, *Genuario, J.*, granted, setting the first law day for July 24, 2018.

On May 18, 2018, pursuant to Practice Book § 61-11 (d) and (e), the plaintiff filed a motion to terminate the automatic appellate stay in § 61-11 (a) prospectively for any subsequent appeals filed,[3] which the court granted. On July 10, 2018, the defendant filed a third appeal from the court's resetting the law days. On July 16, 2018, the defendant filed a timely motion for review of the order of the trial court terminating the appellate stay. The plaintiff thereafter filed a motion to dismiss the third

appeal as frivolous.

On September 6, 2018, a panel of this court granted the plaintiff's motion to dismiss the third appeal as frivolous and granted the defendant's motion for review but denied the relief requested therein. On Monday, September 17, 2018, the defendant filed timely motions for reconsideration en banc of the September 6, 2018 decisions dismissing the third appeal as frivolous and denying relief from the termination of the appellate stay. On October 31, 2018, this court en banc denied the defendant's motions for reconsideration of the dismissal of the third appeal and the defendant's motion for review.

On September 14, 2018, before the period for seeking reconsideration under Practice Book § 71-5 had expired, the plaintiff filed in the trial court a motion to reset the law days following this court's dismissal of the third appeal as frivolous. The defendant filed an objection, arguing that the trial court could not reset the law days during the pendency of her motions for reconsideration en banc of the dismissal of the third appeal and the prospective termination of the appellate stay. On October 15, 2018, while the defendant's motions for reconsideration en banc were still pending before this court, the trial court granted the plaintiff's motion to reset the law days and set the first law day for December 4, 2018. The defendant filed the present, and fourth, appeal on October 25, 2018, challenging the October 15, 2018 order of the trial court resetting the law days, and, thereafter, the plaintiff filed a motion to dismiss the appeal as frivolous.

On November 26, 2018, the defendant filed a motion to open the judgment of strict foreclosure and extend the law days, which the trial court denied. The defendant filed a motion to reargue, which the court denied. The defendant amended her fourth appeal to add the trial court's denial of her motions to open and to reargue. The plaintiff then filed a motion to dismiss the original fourth appeal and the amended appeal as moot and the amended appeal as frivolous.

On February 4, 2019, this court issued the following order: "[T]he parties are hereby ordered, sua sponte, to file memoranda not to exceed ten pages, on or before February 14, 2019, to give reasons, if any, why the trial court's October 15, 2018 order resetting the law days should not be summarily reversed and the matter remanded to the trial court to set new law days, as the trial court's order was in contravention of the appellate stay in effect while the defendant Aleksandra Toczek's September 17, 2018 timely motion to reconsider the motion for review of the termination of stay was pending. See *RAL Management, Inc.* v. *Valley View Associates*, [278 Conn. 672, 682–85, 899 A.2d 586 (2006)]; Practice Book §§ 71-5 and 71-6." Both parties filed the requested memoranda, and we heard argument on the

issue on March 6, 2019.

We set forth the following legal principles that guide our review. "Mootness implicates [the] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . Because mootness implicates subject matter jurisdiction, it presents a question of law over which our review is plenary." (Citation omitted; internal quotation marks omitted.) *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 502, 506–507, 970 A.2d 578 (2009).

"Connecticut follows the title theory of mortgages, which provides that on the execution of a mortgage on real property, the mortgagee holds legal title and the mortgagor holds equitable title to the property. . . . As the holder of equitable title, also called the equity of redemption, the mortgagor has the right to redeem the legal title on the performance of certain conditions contained within the mortgage instrument. . . . The equity of redemption gives the mortgagor the right to redeem the legal title previously conveyed by performing whatever conditions are specified in the mortgage, the most important of which is usually the payment of money. . . .

"Generally, foreclosure means to cut off the equity of redemption, the equitable owner's right to redeem the property. . . . The equity of redemption can be cut off either by sale or by strict foreclosure. . . . In Connecticut, strict foreclosure is the rule, foreclosure by sale the exception." (Citations omitted; internal quotation marks omitted.) *Ocwen Federal Bank, FSB* v. *Charles*, 95 Conn. App. 315, 322–23, 898 A.2d 197, cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006). "Under our law, an action for strict foreclosure is brought by a mortgagee who, holding legal title, seeks not to enforce a forfeiture but rather to foreclose an equity of redemption unless the mortgagor satisfies the debt on or before his law day. . . . Accordingly, [if] a foreclosure decree has become absolute by the passing of the law days, the outstanding rights of redemption have been cut off and the title has become unconditional in the plaintiff, with a consequent and accompanying right to possession. The qualified title which the plaintiff had previously held under his mortgage had become an

absolute one. . . . In other words, if the defendant's equity of redemption was extinguished by the passing of the law days, we can afford no practical relief by reviewing the rulings of the trial court now challenged on appeal, as doing so would have no practical effect or alter the substantive rights of the parties." (Citations omitted; internal quotation marks omitted.) *Sovereign Bank* v. *Licata*, 178 Conn. App. 82, 97, 172 A.3d 1263 (2017).

There is no question that the December 4, 2018 law day set by the court on October 15, 2018, passed without the defendant redeeming her interest in the property. Thus, unless the running of the law day was stayed, title to the property has passed to the plaintiff and the defendant's appeal from the judgment granting the motion to reset the law days is moot. There also is no question that an appellate stay was in effect on October 15, 2018, when the trial court set the new law day of December 4, 2018. Although the trial court granted the plaintiff's motion to terminate the appellate stay, the defendant filed a timely motion for review on July 16, 2018, which continued the appellate stay. See Practice Book § 61-14.[4] Following this court's denial of the relief requested in that motion, the defendant filed, on September 17, 2018, a timely motion for reconsideration en banc of the denial of the relief requested in her motion for review, and, therefore, an appellate stay was in effect when the trial court reset the law days on October 15, 2018. See Practice Book § 71-6.[5] This court denied the motion for reconsideration en banc on October 31, 2018, and notice issued that same day. The stay remained in effect for twenty days, until November 20, 2018. See Practice Book §§ 63-2 and 71-6.

The question, therefore, is whether the trial court's order resetting the law days violated the appellate stay. On the basis of our Supreme Court's decision in *RAL Management, Inc.* v. *Valley View Associates*, supra, 278 Conn. 672, we conclude that it did. In *RAL Management, Inc.*, the court addressed whether the opening of a judgment of strict foreclosure to reset the law days violated the appellate stay that was in effect. In particular, the court stated that the threshold issue in the case was "whether the trial court properly opened the judgment while the appellate stay was in effect merely to change the law days" and concluded "that such an action was improper . . . ." Id., 682. The court reasoned that "the law days are ineffective pending the stay because to treat them otherwise would carry out the judgment in violation of the stay. It necessarily follows, therefore, that if the law days have no legal effect and necessarily will lapse pending the appeal . . . any change to those dates pending the appeal similarly has no effect. Indeed, the rules of practice anticipate such a circumstance by providing specific authority for the trial court to set new law days if the court's judgment is affirmed on appeal. See Practice

Book § 17-10." (Citation omitted; footnotes omitted.) *RAL Management, Inc.* v. *Valley View Associates*, supra, 683–84.

The plaintiff argues that *RAL Management, Inc.*, is inapplicable to this case for two reasons. First, the plaintiff correctly notes that in *RAL Management, Inc.*, this court granted the defendants' motion for reconsideration and vacated the trial court's order terminating the appellate stay. Thus, the law days set by the trial court in *RAL Management, Inc.*, could not have any effect because of this court's order reimposing the stay. In fact, our Supreme Court in *RAL Management, Inc.*, noted that the trial court's order resetting the law days "could not be given effect, however, because the Appellate Court's order vacated that order, thus reviving the stay. Therefore, the trial court's action must be viewed as either a legal nullity or an action in contravention to the appellate stay barring actions to carry out or to enforce the judgment pending appeal." Id., 684–85. According to the plaintiff, this language should be read to mean that, had this court denied the motion for reconsideration, which happened in the present case, the action of the trial court resetting the law days would have been proper.

We disagree with the plaintiff's reading of *RAL Management, Inc.* This court's decision in that case vacating the trial court's termination of the appellate stay provided an additional reason why the law days set by the trial court were ineffective. The language used by our Supreme Court in *RAL Management, Inc.*, makes clear, however, that the court viewed the resetting of the law days itself, which occurred well before this court ruled on the motion for reconsideration, as violative of the appellate stay. The court reinforced this conclusion in a footnote that immediately follows the language relied on by the plaintiff in the present case. Regarding the actions of the trial court in resetting the law days, the court stated: "We surmise that the trial court did not act knowingly in violation of the stay. The record indicates that the defendants filed their motion for reconsideration of the Appellate Court's denial of their motion for review of the trial court's decision terminating the stay on the last day permitted for filing that motion. The plaintiff represented to this court that it had received a copy of the motion for reconsideration the following business day, after the trial court had held the hearing on the motion to open the judgment, the same day the court granted the motion." Id., 685 n.12. Accordingly, the trial court violated the stay when it opened the judgment and reset the law days during the period of time when the defendants could still seek reconsideration of this court's denial of the motion for review. That is the exact scenario that confronts us in this case.

Second, the plaintiff argues that by stating in *RAL Management, Inc.*, that this court's decision vacating

the trial court's termination of the stay had the effect of "reviving" the stay, our Supreme Court necessarily implied that the stay ceased to exist until this court brought it back to life. Consequently, the plaintiff argues that because in this case we denied the defendant's motion for reconsideration, we never revived or brought back to life the stay that terminated when we initially denied the relief requested in the defendant's motion for review. We are not persuaded. First, this argument ignores the plain language of Practice Book § 71-6, which provides that any stay of proceedings remains in effect during the period of time for filing a motion for reconsideration, and, if such a motion is filed, until it is denied. See footnote 5 of this opinion. Second, the plaintiff's reliance on this one word in the Supreme Court's opinion ignores all of the other language noted previously in this opinion, which clearly provides that resetting the law days while the stay was in effect was in contravention of the stay, regardless of whether this court ultimately granted the motion for reconsideration.

We agree that the actions that are prohibited during the appellate stay are only those that in some way execute or effectuate the judgment. See *Ruiz* v. *Victory Properties, LLC*, 180 Conn. App. 818, 832–33, 184 A.3d 1254 (2018) ("trial courts in this state continue to have the power to conduct proceedings and to act on motions filed during the pendency of an appeal provided they take no action to enforce or carry out a judgment while an appellate stay is in effect"). Consequently, our Supreme Court repeatedly has held that the law days set in a judgment of strict foreclosure cannot be given any legal effect while the appellate stay is in effect. See, e.g., *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 347–48, 579 A.2d 1054 (1990), and cases cited therein. In *RAL Management, Inc.*, the court extended this principle to resetting law days while the appellate stay is in effect because doing so is an action to carry out or to enforce the judgment pending appeal. *RAL Management, Inc.*, v. *Valley View Associates*, supra, 278 Conn. 685. Applying this holding to the facts of this case, we conclude that the trial court's October 15, 2018 order resetting the law days was in contravention of the appellate stay then in place. Consequently, the judgment of the trial court is reversed. Furthermore, because we conclude that the trial court erred in resetting the law days while the appellate stay was in effect, we also deny the plaintiff's motion to dismiss this appeal but grant the motion to dismiss the amended appeal as frivolous. The case is remanded to the trial court for the setting of new law days now that (1) the defendant's third appeal has been finally disposed of, and (2) we have denied the defendant's motion for reconsideration en banc of our denial of relief on her motion to review the trial court's order prospectively terminating any future appellate stays in this matter.

The motion to dismiss the appeal is denied, the motion to dismiss the amended appeal as frivolous is granted and the judgment granting the plaintiff's motion to set new law days is reversed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] The complaint named Pawel Toczek and National City Bank as the defendants. After Pawel Toczek quitclaimed his interest in the property to her, Aleksandra Toczek filed a motion to intervene, which the court granted. We refer in this opinion to Aleksandra Toczek as the defendant.

[2] Wachovia Mortgage, FSB (Wachovia), commenced this foreclosure action. In June, 2013, the court granted Wachovia's motion to substitute Wells Fargo Bank, N.A. (Wells Fargo), as the plaintiff after Wachovia merged into Wells Fargo. We refer in this opinion to Wells Fargo as the plaintiff.

[3] "It is axiomatic that, with limited exceptions, an appellate stay of execution arises from the time a judgment is rendered until the time to file an appeal has expired. Practice Book § 61-11 (a). If an appeal is filed, any appellate stay of execution in place during the pendency of the appeal period continues until there is a final disposition of the appeal or the stay is terminated. Practice Book § 61-11 (a) and (e)." *Sovereign Bank* v. *Licata*, 178 Conn. App. 82, 99, 172 A.3d 1263 (2017).

[4] Practice Book § 61-14 provides in relevant part: "The sole remedy of any party desiring the court to review an order concerning a stay of execution shall be by motion for review under Section 66-6. Execution of an order of the court terminating a stay of execution shall be stayed for ten days from the issuance of notice of the order, and if a motion for review is filed within that period, the order shall be stayed pending decision of the motion, unless the court having appellate jurisdiction rules otherwise. . . ."

[5] The plaintiff argues that pursuant to Practice Book § 61-14, any appellate stay ended when the court denied the defendant's motion for review. According to the plaintiff, because § 61-14 provides that a motion for review is a party's *sole* remedy from a trial court's decision terminating an appellate stay, a motion for reconsideration pursuant to Practice Book § 71-5, does not extend the stay. The plaintiff's argument is without merit. Practice Book § 71-6 expressly provides in relevant part that "[u]nless the chief justice or chief judge shall otherwise direct, *any* stay of proceedings which was in effect during the pendency of the appeal shall continue until the time for filing a motion for reconsideration has expired, and, if a motion is filed, until twenty days after its disposition, and, if it is granted, until the appeal is finally determined. . . ." (Emphasis added.) Because § 71-6 applies to any stay of proceedings, it necessarily applies to a stay under § 61-14.