******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

THE BANK OF NEW YORK MELLON, TRUSTEE
*v.* BEAGY FRANCOIS
(AC 42573)

Prescott, Devlin and Sheldon, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property owned by the defendant. During trial, the defendant's counsel filed a motion for a continuance, on the basis that he was due to appear in this court in another matter on the second day of the trial. The defendant and the defendant's counsel thereafter failed to appear for the scheduled continuation of the foreclosure trial. The court denied the motion and rendered a judgment of foreclosure, from which the defendant appealed. The trial court thereafter vacated the judgment of foreclosure and set a new trial date, after it was discovered that there had been miscommunications among court staff and the defendant's counsel had, in fact, been required to appear at this court. A new foreclosure trial was held and the trial court rendered a judgment of strict foreclosure, from which the defendant filed an amended appeal. On appeal, the defendant claimed that the trial court improperly vacated the prior judgment of foreclosure and rendered a new judgment of strict foreclosure in violation of the automatic appellate stay in effect that arose as a result of the defendant's initial appeal. *Held* that the defendant's claim that the appellate stay of execution arising from the vacated first judgment and initial appeal was violated when the trial court rendered its second judgment of strict foreclosure was unavailing, as the trial court had the authority to vacate a judgment on appeal, even if the effect of such an order was to render any appeal from that judgment moot; although this court agreed that any appellate stay of execution resulting from the filing of the initial appeal technically continued at the time the trial court vacated the first judgment of foreclosure and at the time the trial court rendered the second judgment of strict foreclosure, the court's vacatur of the first judgment could not have violated the appellate stay because it did nothing to enforce or carry out that judgment, but, to the benefit of the defendant, merely returned the parties to the same legal position that the parties occupied prior to the rendering of the initial judgment and, similarly, the new foreclosure judgment rendered in favor of the plaintiff did nothing to execute, effectuate, or give legal effect to any judgment in contravention of an appellate stay, the court had continuing jurisdiction to act in an ongoing matter despite the initial appeal provided that the court refrained from taking any action that permitted the judgment winner to begin enjoying the fruits of its victory, and, because the second judgment of foreclosure was, itself, an appealable judgment, any new law days set by the court were stayed until the time to appeal had passed and continued to be stayed by virtue of the defendant's amended appeal and, therefore, the automatic stay that may have remained by virtue of the initial appeal was not violated by entry of an entirely new foreclosure judgment.

Argued February 6—officially released July 14, 2020

*Procedural History*

Action to foreclose a mortgage on certain of the defendant's real property, and for other relief, brought to the Superior Court in the judicial district of Fairfield and tried to the court, *Hon. Michael Hartmere*, judge trial referee; judgment of strict foreclosure, from which the defendant appealed; thereafter, the court, *Bellis, J.*, vacated the judgment of foreclosure and ordered a new trial; subsequently, the case was tried to the court, *Hon. George N. Thim*, judge trial referee; judgment of strict foreclosure, from which the defendant filed an amended

appeal. *Affirmed.*

*John R. Williams*, for the appellant (defendant).

*Adam D. Lewis*, with whom was *Joshua P. Joy*, for the appellee (plaintiff).

*Opinion*

PRESCOTT, J. In this residential mortgage foreclosure action, the amended appeal of the defendant, Beagy Francois, challenges the judgment of strict foreclosure rendered by the court in favor of the plaintiff, The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificate Holder of Cwalt, Inc., Alternative Loan Trust 2007-J1, Mortgage Pass-Through Certificates, Series 2007-J1. The defendant's sole claim in her amended appeal is that the court improperly vacated the prior judgment of foreclosure and subsequently rendered a second judgment of foreclosure in violation of an existing appellate stay of execution. We disagree and, accordingly, affirm the judgment of the trial court.

The record reveals the following relevant procedural history, which is not in dispute. On November 17, 2015, the plaintiff commenced the underlying action to foreclose a mortgage on residential property at 1995 Barnum Avenue in Stratford owned by the defendant. A trial date was set for February 5, 2019. On that date, the defendant filed a motion seeking a continuance of the trial date.[1] The court, *Bellis, J.*, denied the motion that same day, indicating in its order that "[t]his is the sixth trial date and the case was on the dormancy docket." The trial began in the afternoon, as scheduled, but did not finish and was scheduled to resume the following day.

On February 6, 2019, however, prior to the resumption of the trial, the defendant filed another motion seeking a continuance of the trial to May 2, 2019. In that motion, counsel for the defendant asserted that he was "scheduled to be at the Appellate Court for [Docket No.] AC 42001" on February 6, 2019, and, thus, was unavailable to continue with the foreclosure trial. The plaintiff did not consent to the continuance, and the court, *Bellis, J.*, denied the motion later that same day. The court explained in its order that the Office of the Appellate Clerk, in response to an inquiry from trial court staff, had indicated that no proceeding was scheduled that day at the Appellate Court in the matter referenced by the defendant's counsel in her motion for continuance. Judge Bellis' order further stated that, "[i]n light of this second same day trial continuance and what appears to be a misrepresentation by counsel that he is 'scheduled to be in Appellate Court', the clerk is directed to send a copy of this order to disciplinary counsel for the appropriate investigation and action."

Neither the defendant nor her counsel appeared for the scheduled continuation of the foreclosure trial, and the court, *Hon. Michael Hartmere*, judge trial referee, rendered judgment in favor of the plaintiff.[2] The defendant filed an appeal that same day. According to her appeal form, in addition to appealing from the judgment

of foreclosure, the defendant sought to challenge the court's denial of her motions for continuance of the foreclosure trial, its decision to refer her attorney to the Office of Chief Disciplinary Counsel, and the denial of her motion to dismiss.[3]

On February 20, 2019, the parties appeared before Judge Bellis, who indicated to the parties on the record that, after the February 6, 2019 judgment was rendered, she learned that a clerk at the Office of the Appellate Clerk had provided the court with incorrect information and that the defendant's counsel, in fact, had been ordered to appear before the Appellate Court on its motion docket on February 6, 2019. After confirming these facts with counsel, the court indicated that it was withdrawing its disciplinary referral of the defendant's counsel and also was vacating the foreclosure judgment rendered by Judge Hartmere on February 6, 2019. The court instructed the parties to report to caseflow to schedule a new trial date.

A new foreclosure trial was scheduled to begin on April 10, 2019. Both parties appeared on that date and, at that time, the defendant raised the issue of whether the court could proceed with the trial in light of the fact that the appeal of Judge Hartmere's prior rulings remained pending at the Appellate Court. Judge Bellis rejected the defendant's assertion that an appellate stay barred the trial court from proceeding with a new foreclosure trial.[4] The court ordered the trial to proceed as scheduled before the court, *Hon. George N. Thim*, judge trial referee. Following trial, Judge Thim rendered a new judgment of strict foreclosure in favor of the plaintiff.[5]

On April 22, 2019, the defendant filed an appeal from Judge Thim's April 10, 2019 judgment of strict foreclosure. The Office of the Appellate Clerk properly treated this new appeal as an amendment to the still pending prior appeal. See Practice Book 61-9 ("[i]f the appellant files a subsequent appeal from a trial court decision in a case where there is a pending appeal, the subsequent appeal shall be treated as an amended appeal"). The defendant filed her appellate brief in this matter on August 26, 2019.

Before turning to her claim on appeal, it is important to clarify what the defendant is not claiming and, thus, what is not before this court on appeal. She does not brief any claims of error directed at either Judge Hartmere's original judgment of foreclosure or Judge Bellis' order referring the defendant's counsel for disciplinary review, presumably because both of those orders were vacated after the appeal was filed and before the defendant filed her appellate brief. Because she has abandoned her appeal with respect to those rulings, we do not need to decide whether any issues she might have raised would be moot and subject to dismissal.

More significantly, she also does not brief any claim of error pertaining to Judge Hartmere's denial of her motion to dismiss the foreclosure action or Judge Bellis' denials of her motions for continuance of the trial date. In other words, even with respect to those orders not subsequently vacated by Judge Bellis, the defendant effectively has abandoned and, thus, waived any claims she might have raised in her initial appeal, choosing to brief only her amended appeal from Judge Thim's judgment of foreclosure.[6] See *Deutsche Bank National Trust Co.* v. *Bertrand*, 140 Conn. App. 646, 648 n.2, 59 A.3d 864 (failure to brief claims of error pertaining to rulings listed on appeal form abandons any such claims), cert. dismissed, 309 Conn. 905, 68 A.3d 661 (2013); see also *Sturman* v. *Socha*, 191 Conn. 1, 3 n.2, 463 A.2d 527 (1983) (issue raised in preliminary statement of issues but not pursued in brief deemed abandoned).

The defendant has briefed a single claim on appeal, namely, that the court improperly vacated the prior judgment of foreclosure[7] and rendered a new judgment of strict foreclosure in violation of the automatic appellate stay in effect that arose as a result of her initial appeal in this matter. We note that the defendant's discussion of this novel claim is limited to a scant three paragraphs, spanning less than one page of her six page brief. For the reasons that follow, we reject the defendant's claim.

Practice Book § 61-11 (a), which governs automatic stays of execution in non-criminal cases, provides in relevant part: "Except where otherwise provided by statute or other law, *proceedings to enforce or carry out the judgment* or order shall be automatically stayed until the time to file an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause." (Emphasis added.) Thus, "[i]t is axiomatic that, with limited exceptions, an appellate stay of execution arises from the time a judgment is rendered until the time to file an appeal has expired. Practice Book § 61-11 (a). If an appeal is filed, any appellate stay of execution in place during the pendency of the appeal period *continues until there is a final disposition of the appeal or the stay is terminated.* Practice Book § 61-11 (a) and (e)." (Emphasis added.) *Sovereign Bank* v. *Licata*, 178 Conn. App. 82, 99, 172 A.3d 1263 (2017).

As we have clarified in the past, however, "[i]n this state, the filing of an appeal does not divest the trial court of jurisdiction or authority *to continue to act in the matter on appeal.* To the contrary, our Supreme Court has stated on numerous occasions that trial courts in this state continue to have the power *to conduct proceedings* and to act on motions filed during the pendency of an appeal provided they take no action to enforce or carry out a judgment while an appellate

stay is in effect. . . . [Thus] [*t*]*he automatic stay prohibits only those actions that would execute, effectuate, or give legal effect to all or part of a judgment challenged on appeal.*" (Citations omitted; emphasis added; footnote omitted; internal quotation marks omitted.) *Ruiz* v. *Victory Properties, LLC*, 180 Conn. App. 818, 832–33, 184 A.3d 1254 (2018). In other words, an appellate stay of execution "merely denies [the successful litigant] the immediate fruits of his or her victory . . . in order to protect the full and unhampered exercise of the right to appellate review." (Citation omitted; internal quotation marks omitted.) *Preisner* v. *Aetna Casualty & Surety Co.*, 203 Conn. 407, 414, 525 A.2d 83 (1987).

Turning to the present case, it is indisputable that an appellate stay of execution arose by virtue of Judge Hartmere's February 6, 2019 judgment of foreclosure and that the defendant's appeal from that judgment acted to extend that stay until there was a final determination of the appeal or the stay otherwise was terminated. The appellate stay served the important legal purpose of preventing title to the foreclosed property from vesting in the plaintiff as a consequence of the running of any law days set by the court, which could have no legal effect while an appellate stay remained operable. See *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 683, 899 A.2d 586 (2006). All of the issues the defendant raised or could have raised with respect to the initial appeal, however, have been abandoned by her. What remains for this court to decide is the limited challenge to the subsequent foreclosure judgment premised on an alleged violation of the initial automatic stay that arose as a result of the initial judgment of foreclosure, which has since been vacated, and the filing of the now abandoned initial appeal.

The initial appeal filed by the defendant was never dismissed or otherwise disposed of by this court and, thus, we agree with the defendant that any appellate stay of execution resulting from the filing of that appeal technically continued at the time Judge Bellis vacated the first judgment of foreclosure and at the time Judge Thim later rendered his foreclosure judgment.[8] We are unpersuaded, however, that the appellate stay of execution arising from the vacated first judgment and appeal was violated under the facts presented.[9]

It is well settled that the trial court has the authority to vacate a judgment on appeal, even if the effect of such an order is to render any appeal from that judgment moot.[10] See id., 685–92. The court's vacatur of the first judgment could not have violated the appellate stay because it did nothing to enforce or carry out that judgment, but, to the benefit of the defendant, merely returned the parties to the same legal position the parties occupied prior to the rendering of the initial judgment. In other words, the court's action in vacating

the first judgment constituted the polar opposite of a "proceeding to enforce or carryout the judgment." Practice Book § 61-11 (a).

Similarly, the fact that a new foreclosure judgment was rendered in favor of the plaintiff did nothing to execute, effectuate, or give legal effect to any judgment in contravention of an appellate stay. The court has continuing jurisdiction to act in an ongoing matter despite a prior appeal provided that the court refrains from taking any action that permits the judgment winner to begin enjoying the fruits of its victory. See *Preisner* v. *Aetna Casualty & Surety Co.*, supra, 203 Conn. 414. Because the second judgment of foreclosure was, itself, an appealable judgment, any new law days set by the court were stayed until the time to appeal had passed and continued to be stayed by virtue of the defendant's amended appeal. Practice Book § 61-11 (a). The plaintiff has continued to be denied the fruits of a foreclosure judgment—namely the transfer of title to the subject property from the defendant to the plaintiff upon passage of the law days—and, therefore, whatever automatic stay may have remained by virtue of the original appeal, it certainly was not violated by entry of an entirely new foreclosure judgment.

Finally, the defendant's bald statement, made without any accompanying analysis, that "this appeal is governed by [our] recent ruling in *Wachovia Mortgage, FSB* v. *Toczec*, 189 Conn. App. 812, 821–24, 209 A.3d 725, [cert. denied, 333 Conn. 914, 216 A.3d 650] (2019)," is unavailing. The issue in *Wachovia Mortgage, FSB*, was whether a trial court's decision to *reset* law days that had passed during the pendency of an appeal challenging the foreclosure judgment violated the appellate stay that remained in effect. Id., 821. The court in *Wachovia Mortgage, FSB*, held that an order resetting law days with respect to a foreclosure judgment subject to an appellate stay was an action to carry out or to enforce the judgment on appeal. Id., 824. Unlike in the present case, the trial court in *Wachovia Mortgage, FSB*, had not issued an entirely new foreclosure judgment, but merely had reset expired law days for the express purpose of permitting title to pass to the plaintiff following an unsuccessful appeal by the defendant. Because, however, resolution of a motion for reconsideration en banc of the Appellate Court's dismissal of the appeal as frivolous was still pending, this court held that the court's resetting of law days was premature and in violation of the automatic appellate stay, which remained in effect until the appeal was finally determined, which included a resolution of the defendant's motion for reconsideration. Id., 823.

In the present case, the court did not simply reset law days to effectuate a still existing foreclosure judgment but, instead, vacated the prior foreclosure judgment and then later rendered an entirely new judgment,

a necessary component of which was the setting of new law days. See *Connecticut National Bank* v. *L & R Realty*, 40 Conn. App. 492, 494, 671 A.2d 1315 (1996) ("Without the setting of law days, the time for redemption has not been limited and the parties' rights remain unconcluded as to that issue. As a result, a strict foreclosure judgment that is silent as to law days cannot be final for the purpose of appeal."). Here, the law days set by Judge Thim as part of the new judgment of foreclosure have passed without legal effect due to the defendant's having filed the amended appeal. Because of the unique procedural posture of *Wachovia Mortgage, FSB*, and the fact that, unlike in the present case, the trial court's order resetting law days unquestionably was made *solely* for the purpose of effectuating a judgment on appeal, whereas here the first judgment on appeal had been vacated, we disagree that its holding controls the outcome of the present action.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] Counsel stated in the motion for continuance that the defendant would be unable to attend trial because "[she] had an emergency which caused her to travel to the Bahamas on February 2, 2019, to care for a family member who suffered a heart attack. She is currently in the Bahamas caring for her loved one."

[2] We note that the electronic trial court record does not reflect the terms of the foreclosure judgment rendered by Judge Hartmere on February 6, 2019, and the defendant did not order a transcript of the proceedings for our review.

In addition to the foreclosure judgment, Judge Hartmere also denied, without explanation, a motion to dismiss that the defendant had filed the day before, in which she argued that the court lacked jurisdiction over the foreclosure action because the plaintiff had failed to aver in its complaint that it had complied with certain statutory notice requirements pursuant to the emergency mortgage assistance program as provided in General Statutes §§ 8-265dd and 8-265ee (a).

[3] In her preliminary statement of issues filed later on March 15, 2019, the defendant seemingly abandoned any challenge to the court's denial of her motions for continuance and to the disciplinary referral, having limited her issues to the following: "Did the court err when it denied the defendant/appellant's motion to dismiss for lack of subject matter jurisdiction? Did the court err when it proceeded to a trial within the appeal period after denying the defendant/appellant's motion to dismiss for lack of subject jurisdiction?"

[4] The plaintiff also raised a concern about the trial moving forward given the pending appeal. The plaintiff had filed a caseflow request on April 2, 2019, in which it stated that "the [April 10, 2019] trial was scheduled in anticipation that the appeal . . . then pending would be withdrawn. On March 15, 2019, [the] defendant filed additional documents with the Appellate Court, preventing the appeal from being dismissed. At this time, the appeal remains pending and, accordingly, stays this matter pending the appeal's dismissal." The court denied the caseflow request without comment on April 2, 2019.

The following colloquy occurred at the April 10, 2019 hearing in response to the court's indication that the trial could proceed despite the pending appeal:

"[The Defendant's Counsel]: At the time of the filing of the appeal, it was filed as a result (inaudible) final judgment.

"The Court: Right.

"[The Defendant's Counsel]: And I know Your Honor then reopened and vacated the judgment, however the appeal was already filed and my client does not want me to withdraw the appeal. I was hoping that the plaintiff can file a motion to dismiss the appeal and then let the Appellate Court decide what should happen. But I don't want to withdraw the appeal and

get in trouble with my client. And there are more than one issue in the—

"The Court: All right.

"[The Defendant's Counsel]: —appeal.

"The Court: Counsel, I think this whole problem was created by your failure to handle your scheduling issues with last minute continuances and such. But right now there's no final judgment in this case, so as far as I'm concerned, this would be—there's nothing that would be—stop this trial from going forward as I indicated in the caseflow request. So [the] plaintiff goes forward with the trial today.

"[Counsel], you have an appearance in the case, so you are ordered to be here for the trial. If your client does—instructs you not to participate or not to say anything, I can't—

"[The Defendant's Counsel]: No, I—I will do the trial. I just think this may give rise to another appellate . . . issue."

[5] The court determined that the fair market value of the property was $289,000 and calculated that the outstanding total debt, including attorney's fees, was $676,502.35. The court set laws days to commence on June 11, 2019.

[6] She does not raise or brief any claim of error with respect to the *merits* of the foreclosure judgment rendered by Judge Thim, claiming only that, in light of an appellate stay of execution that arose when the initial appeal was filed, the court lacked the authority to vacate the judgment of foreclosure and, ultimately, render a new judgment of foreclosure.

[7] Although the defendant's claim on appeal focuses on the authority of the trial court to render the second judgment of foreclosure, we interpret her claim, as a matter of logic, to also challenge implicitly the authority of the trial court to vacate the first judgment of foreclosure.

[8] We disagree with the plaintiff's assertion that Judge Bellis necessarily terminated any appellate stay that was in effect as a consequence of her having vacated the foreclosure judgment rendered by Judge Hartmere. An automatic appellate stay may be terminated by the trial court either on a motion by a party pursuant to Practice Book § 61-11 (e) or, sua sponte, in accordance with Practice Book § 61-11 (d). In either instance, however, the court "shall hold a hearing prior to terminating the stay." Practice Book § 61-11 (d). No motion to terminate the stay was ever filed with the trial court. The court never indicated any intent to terminate the appellate stay as part of her ruling vacating the foreclosure judgment. Rather, the court simply indicated that conducting a new foreclosure trial would not violate the existing appellate stay. The court never held a hearing or heard argument from the parties about whether to terminate the appellate stay, which is mandatory before a trial court may terminate any appellate stay of execution. Here, the proper inquiry is not whether any appellate stay remained in effect, but whether the trial court's actions violated the scope of any stay in existence.

[9] It is important to note that the defendant's exercise of her right to appellate review of the new foreclosure judgment prevented the passing of title from the defendant to the plaintiff as a result of the running of the new law days set by Judge Thim, thereby preserving for all practical purposes the legal protection afforded by the earlier stay.

[10] It is unnecessary to resolve any portion of the appeal as amended on mootness grounds. As we previously indicated, any issues that could have been raised with respect to the initial appeal with respect to Judge Hartmere's now vacated foreclosure judgment have been abandoned by the defendant. In the initial appeal, the defendant also challenged Judge Hartmere's denial of her motion to dismiss the foreclosure action, a decision that was not vacated by the trial court, and the defendant has abandoned any claim regarding the denial of that motion by failing to brief it.